## LAW *v.* HENRY ET AL.

CONTRACT.—*Specific Performance.*—*Statute of Frauds.* — Where a father induced his daughter, her husband and children, to break up their residence and move a long journey, at considerable expense, to a place near his home, that he might enjoy their companionship, by a promise to convey land to the daughter, and he, accordingly, purchased and placed them in possession of land upon which they made valuable improvements, and of which he made a deed, but had not delivered it to his daughter when she died;

*Held*, in an action by the husband and children (after the death of the daughter), against the father, for specific performance of the contract, that there was a good and valuable consideration for the contract, it was not within the statute of frauds, and must be enforced in their favor.

SAME.—*Demand.*—The father wholly denying any obligation to perform said equitable contract, a demand of him for a deed was not necessary to entitle the husband and children to maintain said action.

APPEAL from the Tipton Circuit Court.

PETTIT, J.—This suit was brought by the appellees against the appellant for a specific performance, and the following is the full complaint in the case:

"Thomas E. Henry, for himself, and Clara Henry and Matt S. Henry, infants, under the age of twenty-one years, by the said Thomas E. Henry, their father and guardian, plaintiffs, complain of Joel Law, defendant, and, complaining, say that said defendant, Joel Law, is and was the father of one Jane Henry, now deceased, late wife of the said Thomas E. Henry and mother of the said Clara and Matt S. Henry; that said defendant is a man of easy circumstances in life, and is and was at the time of the making of the contract, hereinafter stated, worth forty thousand dollars, and the father of seven children, six of whom are now living; that heretofore, to wit, on the 1st day of September, 1867, said plaintiff, Thomas E., together with his wife then living, and the said Clara, their infant child, were residing and living in Shelby county, in the State of Indiana, surrounded with friends and relatives, and although poor, were in prospering circumstances in life, and that the said Joel Law was, and for some time had been, a resident of Tipton county, in said State; that said defendant, Joel Law, being

desirous of the association of his children, and desiring that said plaintiff, his wife and child, should reside near to, and in the immediate neighborhood with him, he, the said defendant, in order to induce said plaintiff and his said wife, then living, to remove to Tipton county, and in the immediate neighborhood of said defendant, promised and agreed that if the said Thomas E. Henry, together with his family, would remove to Tipton county, as aforesaid, the said defendant would purchase for and deed to the said Jane Henry thirty-five or forty acres of land, in said Tipton county, in the State of Indiana, and the plaintiffs aver that, in consideration of the aforesaid inducement, promise, and agreement of said defendant, he, the said Thomas E., together with his family, did remove to said Tipton county, Indiana, in consideration of the aforesaid promise of said defendant; that in said removal, as aforesaid, said plaintiff, Thomas E., incurred a great loss of time and incurred a large expense, to wit, one hundred dollars; that upon the plaintiffs' arrival in said Tipton county, said defendant was the owner of a house and three acres of ground, which said house was situated in said Tipton county, and in the immediate neighborhood of said defendant; that said defendant was then negotiating for thirty-two acres more adjoining to and connected with said three acres as aforesaid, which two pieces constitute and are the south-west quarter of the south-west quarter of section number twelve, township number twenty-one, north of range number three east, except that part of said described real estate that is situate south of the Tipton, Tetersburg, and Berlin Gravel Road, said pieces of land then being owned and then being negotiated for containing thirty-five acres, and of the worth of one thousand five hundred dollars; and that defendant, in pursuance of his said promise and agreement, put said plaintiff, Thomas E., and his said wife into possession of said three-acre tract of ground, and further promised and agreed by and with plaintiff and his said wife that as soon as he, the said defendant, obtained a title to said thirty-two-acre tract, he would convey the whole of said thirty-five acres to said

Jane Henry; that afterward, to wit, on the —— day of ——
——, 186–, said defendant obtained deeds for said thirty-two-
acre tract of land; that in pursuance of his said promise and
contract, he immediately put said plaintiff and his wife into
possession of said thirty-two-acre tract of land; and plain-
tiffs aver that said Jane Henry, by herself and her said hus-
band, made permanent and lasting improvements on said
real estate, to wit, to the amount of one hundred dollars;
and the plaintiffs further aver that said defendant, in further
consummation of said contract, did, on the 18th day of
September, A. D., 1869, make, execute, and acknowledge
his certain warranty deed, a copy of which is filed herewith
and made a part of this complaint, conveying to said Jane
Henry the thirty-five acres of real estate hereinbefore de-
scribed; that before the delivery of said deed to the said
Jane Henry, to wit, on the 15th day of November, 1869, the
said Jane Henry departed this life, leaving as her sole heirs
at law her said husband, Thomas E. Henry, and her two
infant children, Clara and Matt S. Henry. Plaintiffs herein
say that said defendant has failed and refused to deliver said
deed, and failed and refused to convey said real estate to
these plaintiffs, or either of them; wherefore, plaintiffs ask
the court to order the delivery of said deed to said plaintiffs,
or to order the defendant to convey said real estate to said
plaintiffs, in equal proportions to said plaintiffs, and on fail-
ure of the defendant so to do, then to appoint a commis-
sioner to make such conveyance, and such other relief as
may be just and proper."

To this complaint there was a demurrer for want of suffi-
cient facts overruled, and exception taken.

Was this ruling right? We hold that it was, and most
clearly equitable.

All the consideration asked or agreed upon was paid, both
good and valuable; good, the companionship of his daughter
and her family; valuable, the breaking up a residence and
moving a long journey at considerable expense; and under
all the circumstances, and as it was all the defendant asked

for, and estimated the land worth, we hold that the consideration was adequate and sufficient. It is clear, to our mind, from the whole case, that if his daughter had lived a short time longer (as we gather from the case she died from the effects of giving birth to her second child, Matt S.), the deed would have been delivered to her; but on her death, and when there was a greater necessity that he should comply with his contract to her bereaved husband and infant children, he most unconscionably refused to do so. Possession was given and taken, and valuable improvements made. The plaintiffs and their ancestor having done all that they could or were required to do, the case is not within the statute to prevent frauds. A statute made to prevent, should not be allowed to protect and consummate, frauds, which would be its effect if this contract could not be enforced. We shall not give our sanction to so great a wrong as this would be.

It is objected that the complaint contains no averment of a demand for a deed before suit brought. None was necessary. When a man is bound in equity to do a certain thing, and he wholly denies his obligation or duty and the right of the plaintiff to recover, no demand is required. *Bruce* v. *Tilson*, 25 N. Y. 194, *Heard* v. *Lodge*, 20 Pick. 61, and many other authorities that we might cite, fully warrant this ruling.

An answer of the statute to prevent frauds was filed, and a demurrer, for want of sufficient facts, was filed to it and sustained, and exception taken. There was no error in this. The complaint shows that the contract was not in writing, but seeks to take the case out of the statute by showing payment, possession, and valuable improvements, and hence an answer that it was not in writing was unnecessary and improper.

There was a trial by jury and verdict for the plaintiffs. Motion for a new trial for the reasons, first, that the verdict of the jury is not sustained by sufficient evidence; second, that the verdict of the jury is contrary to law. The evidence is somewhat conflicting, but we think it covers and sustains, by a large preponderance, the allegations of the complaint.

The general denial was filed to the complaint, and on this issue the case was tried. If the evidence had been more conflicting, but had shown that there was any evidence that reasonably sustained the verdict, we would not disturb the verdict of the jury or judgment of the court. The reason of this rule has so often been stated that we deem it unnecessary to repeat it or refer to the cases. It follows that the verdict is not contrary to law.

The judgment and decree is in all things affirmed, at the costs of the appellant.*

*J. Green, D. Waugh, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellant.

*N. R. Overman,* for appellees.

*Petition for a rehearing overruled.