No: 13,244.

## CUTSINGER ET AL. *v.* BALLARD.

REAL ESTATE.—*Oral Contract to Convey.—Specific Performance.—Statute of Frauds.*—Where a father orally agrees to convey certain land to his son for services rendered after attaining his majority, and the latter in reliance upon the agreement enters into possession, and so continues uninterruptedly for more than twenty years, making lasting and valuable improvements, and treating the land as his own, while the father repeatedly declares that the land belongs to his son, the contract is withdrawn from the operation of the statute of frauds, and the son is entitled, upon the death of the father without making a deed, to a specific performance.

SAME.—*Trust.*—The son having fully performed his part of the contract and thereby paid the purchase-price for the land, his father thereafter held the title in trust for him, and, there being no open disavowal by the trustee, or insistence upon an adverse right, fully made known to the *cestui que trust,* no lapse of time is a bar to an action for specific performance.

SAME.—*Demand.—Repudiation of Contract.—Partition.* — A suit by other heirs for partition of the land occupied by the son under the agreement with his father, constituted such a repudiation of the contract as to render unnecessary a demand by him before filing a cross-complaint asking a decree for performance.

SAME.—*Proof of Contract.*—In a case for specific performance of an oral contract to convey land, while the proof must clearly establish the contract, it is yet a question for the court to determine whether the proof offered is sufficient for that purpose.

From the Johnson Circuit Court.

*J. L. White, W. J. Buckingham, T. W. Woollen* and *D. D. Banta,* for appellants.

*R. M. Miller* and *H. C. Barnett,* for appellee.

MITCHELL, J.—Julia A. Cutsinger and others, as plaintiffs, alleged in their complaint that they were tenants in common with John Ballard and his co-defendants, of certain real estate in Johnson county, of which Taylor Ballard, their common ancestor, died seized. Prayer for partition according to the respective interests of the parties.

The defendant John Ballard set up by way of cross-complaint that he was in possession, and was the equitable owner under a contract made with his father, Taylor Ballard, in his lifetime, of a certain described tract of land which was embraced in the description of the real estate which the plaintiffs were seeking to have partitioned. He asked for the appointment of a commissioner to convey the land to him, and for a decree quieting his title.

The court made a special finding of the facts, and stated conclusions of law thereon.

So far as respects the issues tendered by the cross-complaint, the findings and conclusions were favorable to the cross-complainant. The facts material to be stated were, that John Ballard attained his majority in the year 1853, at which time his father agreed with him that if he would remain at home and work on the farm he would pay him a reasonable compensation in land. The appellee remained as requested, and worked for his father until the year 1859, rendering services which the court finds to have been reasonably worth $1,440. At that time his father agreed to convey the land described in the cross-complaint to him as compensation for the services theretofore rendered. The land was unimproved woodland, worth about $1,000. The appellee agreed to accept it as full compensation for his work, and, in reliance upon the promise of his father, went into possession, and cleared, fenced and ditched the land. He also erected a house, barn and other out-buildings, making valuable improvements of a lasting and permanent character of the value of $2,000. He remained in possession continuously ever since, claiming title to the land and using it as his own, his father all the while recognizing his title and claim. Taylor Ballard died in January, 1885, without having made a deed. Without questioning the propriety of the conclusions of law stated, the appellants contend that the evidence does not support the finding of facts.

Starting with the proposition that the contract, being in

parol, must be adjudged void unless the evidence shows that it was taken out of the operation of the statute by some of the exceptions allowed by courts of equity, the appellants insist that there was no proof that the appellee took possession of the land in dispute under a contract of sale, or that the improvements were made by him in pursuance of any contract. It is insisted, moreover, that there was no clear and satisfactory evidence of a contract between the father and son, and that the court was not, therefore, justified in finding the facts as returned.

It is undoubtedly the rule in cases like the present, that specific performance of an oral contract to convey land will not be decreed, unless the terms of the contract are either admitted or established by clear, definite and satisfactory evidence. The party seeking to enforce performance must prove the contract substantially as laid in his pleading, by satisfactory evidence, and he must in like manner show such a part performance on his part of the identical contract set up, and such acts done in reliance thereon, as that injustice would be done and a fraud perpetrated if the contract were held inoperative under the statute of frauds. *Purcell* v. *Miner,* 4 Wall. 513; *Williams* v. *Morris,* 95 U. S. 444; *Lobdell* v. *Lobdell,* 36 N. Y. 327.

Courts of equity have adopted the foregoing as the rule of evidence in cases for specific performance of oral contracts, and if at the end the evidence leaves it a matter of conjecture whether there was a contract, or if its terms are left uncertain, or if the possession or acts of part performance are not clearly referable to the contract, a decree for specific performance ought to be withheld. *Green* v. *Groves,* 109 Ind. 519.

In the present case it is shown by the testimony of a number of witnesses, that Taylor Ballard declared again and again that the tract of land in dispute belonged to his son John; that he had given it to him as compensation for six years' work performed after he had become of age. It is

not disputed that the appellee worked for his father for the period mentioned, nor is it denied that he entered upon the land in 1859, and made the improvements as found by the court, and that he continued in the open and notorious possession for more than twenty-six years before the commencement of the suit, during all of which time he claimed and used the land as his own.

The statute of frauds can, therefore, have but slight if any influence upon such a case.  *Freeman* v. *Freeman*, 43 N. Y. 34.

Although a contract for the conveyance of real estate may rest in parol, yet where it is fair in all its parts, and the purchaser has paid the consideration, and has been put into possession under the contract, and has made lasting and valuable improvements in reliance thereon, the contract will be regarded as withdrawn from the operation of the statute and will be enforced.  *Atkinson* v. *Jackson*, 8 Ind. 31; *Winslow* v. *Winslow*, 52 Ind. 8; *Wallace* v. *Long*, 105 Ind. 522; *Drum* v. *Stevens*, 94 Ind. 181.

While it is true that evidence which consists óf the casual declarations of a party to mere strangers to the transaction ought to be scrutinized closely, and acted upon with great caution when it is proposed by that method to establish a contract to convey land, yet, where such declarations correspond with other substantial facts which are satisfactorily established, such as the payment or performance of the consideration of the contract, the taking and continuing in possession under a known and acknowledged claim of a contract, and the making of lasting and valuable improvements under such a claim, they may become the most potent and satisfactory proof.  Conceding the rule to be, in cases for specific performance, that the proof must establish the contract clearly, definitely and satisfactorily, it is, nevertheless, a question for the chancellor to determine whether the proof offered is sufficient to show the existence of the contract with the requisite degree of clearness and certainty.  Look-

ing into the evidence, we can not say that it may not have established all the requisites to the enforcement of the contract, within the rule already stated. *Burns* v. *Fox,* 113 Ind. 205.

Whatever else may be said of the contract as shown by the evidence, it was certainly sufficient to show the character of the possession taken and held by John Ballard. Having taken and continued in the exclusive, uninterrupted, adverse possession of the land for more than twenty years, the title of Taylor Ballard was extinguished, and John Ballard became vested with a title in fee, unless it was affirmatively shown that he was in possession as tenant, or in some capacity other than that of owner, and in a relation subordinate to his father. *Roots* v. *Beck,* 109 Ind. 472; *Riggs* v. *Riley,* 113 Ind. 208; *School District* v. *Benson,* 31 Maine, 381. The appellants make no such claim upon the evidence in this case.

It is said, however, that there should have been a demand for a conveyance before filing the cross-complaint. There is no force in the suggestion. The plaintiffs, by bringing suit for partition, and alleging that the land in dispute was part of the real estate which descended to the heirs of Taylor Ballard as tenants in common, repudiated the contract made by their ancestor. In such a case a demand is not necessary. *Burns* v. *Fox, supra; Stix* v. *Sadler,* 109 Ind. 254.

So, also, the objection that the appellee was guilty of laches in seeking a remedy for the specific performance of the contract, is without force as applied to a case like the present. The appellee having fully performed his part of the contract, and thereby paid the entire purchase-price for the land, his father held the title thereafter in trust for him, and until a trust is openly disavowed by the trustee, who insists upon an adverse right which is fully made known to the *cestui que trust,* no lapse of time is a bar as between the latter and his trustee. *Oliver* v. *Piatt,* 3 How. 333 (412); *Decouche* v. *Savetier,* 3 Johns. Ch. 190.

The evidence shows, without contradiction, in the present case that Taylor Ballard uniformly declared that the land in dispute belonged to his son John; that he had given it to him as compensation for his work.

We have found no error. The judgment is affirmed, with costs.

Filed May 29, 1888.