Puterbaugh *v.* Puterbaugh.

No. 15,608.

## PUTERBAUGH *v.* PUTERBAUGH.

QUIETING TITLE.—*Conveyance of Land.*—*Oral Contract for.*—*Part Performance.*—*Complaint.*—*Motion to Make More Specific.*—The complaint alleged that the plaintiff was a nephew of the deceased, and had lived with him many years; that defendant was the sole heir of the deceased, and claimed to be the owner of the land described in the complaint, the title to which he was seeking to quiet; that deceased entered into a parol contract with the plaintiff agreeing to convey said premises to him, in consideration of love and affection, and for the further consideration that the plaintiff would assist with his labor, time and money in the erection of a house and barn on the premises, and take possession when married, and occupy the same and make valuable and permanent improvements, and that the plaintiff should pay deceased for life one-half of the crops raised on the premises. The complaint further alleged that the plaintiff accepted the proposition and performed his part of the contract in full, but that the deceased died without fulfilling his part of the agreement; that defendant claimed title to such premises, adverse to plaintiff, and that her claim was without right, and cast a cloud on plaintiff's title.

*Held,* that a motion to make the complaint more specific was properly overruled, and that it was not necessary to give the items of the consideration since it was not an action for the recovery of money.

*Held,* also, that as the complaint showed that, prior to deceased's death, the plaintiff had done all he had agreed to do, the time for making the conveyance was not material.

SAME.—*Complaint.*—*Compensation in Damages.*—Under the statutes of this State, in a suit to quiet title, where the plaintiff seeks relief upon an oral contract for the sale of land, it is not necessary to aver in the complaint that the plaintiff can not be compensated in damages resulting from a breach of the contract.

SAME.—*Action for.*—*Triable by Jury.*—The action to quiet title was not one "of exclusive equity jurisdiction prior to the 18th day of June, 1852" (section 409, R. S. 1881), but is a statutory action triable by jury, as were all actions at law when the statute of 1881 went into force. *Martin* v. *Martin,* 118 Ind. 227, distinguished.

REAL ESTATE.—*Parol Promise to Convey.*—*Statute of Frauds.*—*Part Performance.*—*Consideration.*—The fact that the plaintiff agreed to take possession as part of the consideration for the promised conveyance, did not destroy the effect of possession as part performance, taking the case out of the statute of frauds.

SAME.—*Consideration of Affection.*—The fact that affection formed an element of the consideration does not impair the force of the contract.

Puterbaugh v. Puterbaugh.

SAME.—*Special Verdict.*—*Possession as Tenant.*—The statement of the special verdict that relying on the contract with the deceased, and with his knowledge and consent, plaintiff and his wife entered into possession of the land in controversy, and had been in the peaceable, uninterrupted and exclusive possession thereof up to the death of the deceased and to the present time, excludes the inference that possession was taken as tenant, because it appears that it was taken under a contract for the conveyance of the land.

VERDICT.—*Special.*—*Substance of Issues.*—If the special verdict states such facts as sustain the substance of the issues, it is sufficient. It is not necessary that matters should be proved precisely as pleaded.

PRACTICE.—*Complaint.*—*Harmless Error.*—Where the jury found for the plaintiff on the second paragraph of his complaint, erroneous rulings respecting the first paragraph were harmless.

From the Cass Circuit Court.

*D. C. Justice, S. T. McConnell* and *A. G. Jenkins,* for appellant.

*D. D. Dykeman, W. T. Wilson, G. C. Taber* and *M. Winfield,* for appellee.

ELLIOTT, C. J.—The appellee alleges, in the second paragraph of his complaint, that he is the nephew of Henry Puterbaugh, deceased, and had lived with him, as his son, for twenty-four years; that the appellant is the sole heir of the deceased, and claims to be the owner of the land described in the complaint. The appellee also avers that Henry Puterbaugh, being then the owner of the land, entered into a contract with the appellee, and that the contract was, in substance, this: "The said Henry Puterbaugh, in consideration of love and affection, and for the further consideration that this plaintiff would assist with his money, time and labor, in the erection of a house and barn upon the premises hereafter named, and would take possession, when married, and occupy the same, and make valuable and permanent improvements; that he, the said Henry Puterbaugh, would convey to him the southeast quarter of Wapapashee Reserve. He, the said Henry Puterbaugh, further stipulated that the

plaintiff should pay him for one-half of the crops that might grow upon said premises, or be raised by this plaintiff upon said eighty acre tract of land." Following the statement of the terms of the contract are these allegations :

" That this plaintiff then and there accepted said proposition and assisted with his labor, time and money in the erection of said barn and house, and afterwards married, and in pursuance of said contract, and relying upon the same, moved upon said premises and took possession of the same, and under said contract, and relying upon the same, has ever since occupied and held possession of said lands, turning over one-half of the crops as agreed ; that he has made lasting and valuable improvements, besides said house and barn, since he has been in possession of said premises, in reliance upon said contract, in this : he has dug and walled a well, graded a lot, on which the house stands, made walks, built permanent and lasting fences, set out shade trees which are now growing thereon, and has changed the fences so as to separate the said eighty acres of land from the other lands of the said Henry Puterbaugh, all with the knowledge and consent of the said Henry Puterbaugh, and upon the faith of the aforesaid contract ; that the said Henry Puterbaugh, during his lifetime, frequently promised to convey by deed to this plaintiff said tract of land in fee simple, but before he carried out said intention he suddenly and unexpectedly died, intestate, without having executed any deed of conveyance to this plaintiff for the premises ; that the plaintiff has demanded a deed of the defendant, which she has refused, and refused to carry out the contract, and denies the contract ; that the said defendant is now claiming title to the aforesaid lands claimed by the plaintiff, adverse to the title of this plaintiff ; that said claim of title on the part of the defendant is without right and unlawful, and casts a cloud upon this plaintiff's title."

There was no such error in overruling the motion to make the complaint more specific as entitles the appellant to a re-

Puterbaugh *v.* Puterbaugh.

versal of the judgment. The complaint shows the contract and the consideration, and, as the action is not to recover money, there was no necessity for giving the items of the consideration. The complaint alleges that the appellant promised to convey the land to the appellee, and with sufficient certainty shows the consideration for the promise. The time for making the conveyance was not material, inasmuch as the complaint shows that prior to the death of the vendor the purchaser had done all that he had agreed to do.

There can be no doubt that payment of the purchase-price of land, whether in money or in property, is not sufficient to take an oral contract for the sale of land out of the statute of frauds. *Felton* v. *Smith*, 84 Ind. 485 ; *Wallace* v. *Long*, 105 Ind. 522 ; *Green* v. *Groves*, 109 Ind. 519 ; *Edwards* v. *Estell*, 48 Cal. 194. If the appellant's counsel are right in asserting that taking possession of land pursuant to the terms of the oral contract has no greater effect than paying the agreed consideration in money, property or services, then this complaint is bad, because the contract is within the statute. But we think it clear that the position of counsel is untenable. It is quite plain that possession not taken under the contract would be wrongful, since no one can rightfully take possession of another's land without his express or tacit consent. If there is a contract and the possession is rightful, the possession must be pursuant to the contract and in performance of it, for if it were not, it could not be rightful. Every contract for the conveyance of lands wherein provision is made for possession, implies that the possession shall be taken, if taken at all, under the contract. If it were otherwise, there could never be a rightful possession of land under an oral contract for its conveyance. The argument of counsel that, as possession was taken as part payment of the consideration, it is ineffectual, is plausible, but unsound. The possession of land under a contract is a performance of the contract on the part of the purchaser, and must, of necessity, always be in some sense a payment

of consideration, for otherwise it would be impossible to regard it as part performance. If not regarded as part performance it must be so regarded, for the reason that the purchaser did what he was required to do under the contract. We do not deem it necessary to cite authorities in support of our conclusion that the fact that the purchaser agreed to take possession as part of the consideration for the promised conveyance does not destroy the effect of possession as a part performance, taking the case out of the statute of frauds, for we think that every decided case which asserts that possession is such part performance as will take a case out of the statute expressly or impliedly affirms the same doctrine. It is the open, clear and strong character of the act of taking possession of land as owner, rather than the reason for taking possession, that makes it such part performance as takes the case out of the statute. *Johnston* v. *Glancy*, 4 Blackf. 94; *Atkinson* v. *Jackson*, 8 Ind. 31; *Cutsinger* v. *Ballard*, 115 Ind. 93.

The law is that possession of the land embraced in the contract must be taken under its provisions, or the statute will defeat an enforcement of the contract. If, therefore, it be true that the complaint does not show that possession was taken under the contract, this action must fail. But it is not true that possession was not so taken, for the complaint avers and the demurrer admits, that " the plaintiff, relying upon the contract, moved upon said premises, and took possession of the same, and under said contract, and has ever since occupied and held possession of said land." The cases of *Horn* v. *Godrick*, 33 N. H. 32, *Eckert* v. *Eckert*, 3 Pa. R. 332, *Poorman* v. *Kilgore*, 2 Casey, 365, and *Cox* v. *Cox*, 2 Casey, 375, are not in point, for here there was a contract founded upon a valuable consideration for the conveyance of a particular parcel of land, and it was under this contract, and not because of kinship, that the appellee entered into possession of the land and made improvements.

The fact that affection formed an element of the consid-

eration does not impair the force of the contract. The parties agreed upon a consideration valuable in its nature, and their agreement as to its sufficiency the courts will not disturb, since to do so would be to make a contract for parties capable of contracting. Where parties agree upon the adequacy of a valuable consideration, their agreement is conclusive in the absence of fraud or mistake. *Wolford* v. *Powers,* 85 Ind. 294 (44 Am. R. 16) ; *Colt* v. *McConnell,* 116 Ind. 249 (252), and cases cited.

Under the system which prevailed before the adoption of the code, it was generally held that a plaintiff seeking relief upon an oral contract for the sale of land must allege that he could not be compensated in damages resulting from a breach of the contract. But this was true only where purely equitable relief was sought, and sought in a court of chancery, and the reason why such an averment was necessary was that without it a court of chancery had no jurisdiction. That reason does not exist where there is only one form of action, and where equity and law jurisdiction reside in the same court. We have examined many of our cases, and we do not find that there was such an averment in any complaint in an action to quiet title, or even in a suit for specific performance. But, as we shall presently show, this case is not one of exclusively equitable cognizance, but is a statutory action.

The question whether an action to quiet title is one that can be tried by a jury as a matter of right is presented by the record. The proper demand for a trial by the court was made, the demand refused, exception entered to the ruling, and the proper specification embodied in the motion for a new trial. The court below did not submit the case to the jury merely to find facts as advisory, but submitted it to the jury to determine finally all questions of fact. If the action is one wherein a jury trial is demandable as a matter of right, the ruling was correct ; if not, it was wrong. As we have

already indicated, our opinion is that there is a right to trial by jury in the statutory action to quiet title to land.

We preface our discussion of the question as to the mode of trial by affirming that this is not a suit for specific performance, but an action under the statute to quiet title. The plaintiff has title by virtue of his oral contract and the acts performed under it. All that he requires to a perfect legal title is the evidence of title. The title he has, the evidence— the deed—he has not. But as he is in possession under a valid and effective title, that title he may quiet. *Barnes* v. *Union, etc., Tp.*, 91 Ind. 301 ; *Heberd* v. *Wines*, 105 Ind. 237 (243); *Grissom* v. *Moore*, 106 Ind. 296 ; *Hyneman* v. *Roberts*, 118 Ind. 137. It has, indeed, been held that an action for possession may be maintained by a party who has a clear equitable title. *Burt* v. *Bowles*, 69 Ind. 1 ; *McNutt* v. *McNutt*, 116 Ind. 545 (564); *Stout* v. *Duncan*, 87 Ind. 383 (388); *Bibbler* v. *Walker*, 69 Ind. 362 (371). Title may pass by an equitable estoppel. *Pitcher* v. *Dove*, 99 Ind. 175 (177), and cases cited. The principle upon which such a title as that asserted by appellee rests, is, at the foundation, that of equitable estoppel, inasmuch as the courts declare that where there is a contract, possession, and valuable improvements, the vendor will not be heard to aver that his vendee has no title because he has not the evidence of title required by the statute of frauds.

Prior to the statute of 1881, all civil actions were, as of right, triable by jury. Section 409, R. S. 1881. That statute reads thus : " Issues of law and issues of fact in causes that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction, shall be tried by the court; all other issues of fact in all other causes shall be triable as the same are now triable." If we are governed by the words of the statute, it is quite clear that we must hold that the statutory action to quiet title is triable by a jury, since that action was not on the 18th day of June, 1852, one of " exclusive equitable jurisdiction." It is the creature of positive statute and not

Puterbaugh v. Puterbaugh.

of the courts of chancery. It did not come into existence as a suit of equitable cognizance, but as a statutory action. It can not, therefore, be within the letter of the statute of 1881, and, as appears from the provisions of other statutes, as well as from the general rules of law, it is not within its spirit.

The statute classes actions for possessions and actions to quiet title together. The answer of general denial admits all defences as well in one as in the other. Section 1055, R. S. 1881; *O'Donahue* v. *Creager*, 117 Ind. 372; *Hogg* v. *Link*, 90 Ind. 346. The rules of procedure are declared to be substantially the same in both. Section 1071, R. S. 1881. The statute providing who may maintain the actions applies to both of them, without so much as hinting a difference. Section 1073, R. S. 1881. A new trial of right is demandable in an action to quiet title, because it is placed under the same rules as an action to recover possession. *Zimmerman* v. *Marchland*, 23 Ind. 474; *Hunter* v. *Chrisman*, 70 Ind. 439; *Miller* v. *Evansville, etc., Bank*, 99 Ind. 272; *Hammann* v. *Mink*, 99 Ind. 279; *Bisel* v. *Tucker*, 121 Ind. 249. In the statutes and in the decisions the two statutory actions are uniformly treated as of the same class and as governed by similar rules. To attempt to divide the actions and bring them under diverse rules would be to oppose the express provisions of the statute and the steady current of judicial opinion.

The law as it comes from the law-makers does not divide the action to quiet title or the action to recover possession into subordinate classes; on the contrary, it plainly declares that there is one action of each class, but that both are governed by the same rules of procedure. If there is to be any subdivision into classes, it can only be done by judicial legislation, and that, as was said years ago, "is odious." It can not, as it seems to us, be legally possible that the statutory action to recover possession, which is substantially the same as the common law action of ejectment, may be sep-

arated into classes, one class triable by the court and another triable by a jury. If the one action can not be split into parts, neither can the other, for the statute in explicit terms places the two actions under the same general rules. If regard is had to the statute, it must inevitably follow that there is one statutory action to recover possession, and one to quiet title, and not many different actions, some triable by one tribunal and some by another.

Principle requires, as does the statute, that there should be a single action to quiet title, and not many actions triable in different modes. It is only by adherence to principle that confusion can be avoided. If it be conceded, as appellant's counsel contend, that an action to quiet title may be tried by a jury if the title asserted is a legal one, but by the court if the title asserted is an equitable one, we will often have a single case tried in part by a jury and in part by a court. This we say because it is establised law that a defendant may assert, by cross-complaint, an equitable title, although the plaintiff asserts a legal one, and in such a case, we should, if counsel are right, have the jury trying the issue as to the legal title, and the court trying the equitable title. But more than this, it might well happen that the verdict of the jury would be in favor of the one party and the finding of the court in favor of the other, and thus a conflict arise which could not be quelled by lawful means. There is even a more powerful reason for rejecting the appellant's theory that different issues are triable by different tribunals, although only a single result can possibly be attained. That reason is this: The statute in express terms, and the court without the slightest break, has affirmed that all defences, equitable and legal, are admissible under the general denial, and, this being true, it is simply and absolutely impossible for the court to determine in a case where the general denial is filed how the case shall be tried, if the theory of the appellant is valid. It is beyond the power of the courts to give effect to the law as it is written in such

cases upon counsel's theory, for no court in such a case could determine whether it should try the case or submit it to the jury. There is but one conclusion justified by the letter and spirit of the statute, or that can be defended on principle or given practical effect, and that conclusion is, that there is a single action to quiet title, and that such an action was not one " of exclusive equity jurisdiction prior to the 18th day of June, 1852," but is a statutory action triable by jury as were all actions at law when the statute of 1881 went into force. The words, " all other issues of fact shall be triable as the same are now triable," found in the statute of 1881, mean that issues in statutory actions for possession of land, and in statutory actions to quiet title, may be tried by a jury, for so they were triable when that statute took effect.

Thus far we have discussed the question without reference to the decided cases, and we now turn to them. The decisions directly upon the question explicitly declare that an action to quiet title is triable by jury. There can be no mistake as to what they decide, for their declarations are explicit and their language plain. *Trittipo* v. *Morgan*, 99 Ind. 269 ; *Johnson* v. *Taylor*, 106 Ind. 89. In other cases the doctrine of the cases cited has been fully asserted. *Kitts* v. *Willson*, 106 Ind. 147 ; *Lamb* v. *Lamb*, 105 Ind. 456 ; *Deig* v. *Morehead*, 110 Ind. 451. The decision in the case of *Spencer* v. *Robbins*, 106 Ind. 580, is not in conflict with the doctrine of the cases to which we have referred. There could be no conflict because there was no question in that case as to whether an action to quiet title was triable by a court or jury, for the only question decided in that case which seems to bear upon the present—and that bears upon it very remotely, if it all—was that there was no error in refusing to submit a single question of fact to a jury in an action to quiet title, although it would have been error to refuse to submit the whole case to the jury had the proper request been made. It is true that it was said in the course of the

opinion, that " Where the purpose of the action is primarily to establish an equitable right to land and acquire a legal title through such right by the decree of a court, as by the specific enforcement of an agreement, the reformation of a deed, or the establishment of a trust, etc., the case is of equitable cognizance." But, granting that the statements we have quoted are not mere *dicta*, still, they do not oppose our conclusion, for our conclusion does not assert that suits to enforce specific performance, establish trusts, or reform instruments, are triable by a jury. In the case of *Martin* v. *Martin*, 118 Ind. 227, one of the questions was as to the mode in which an issue joined upon a paragraph for specific performance of a contract should be tried, and in deciding that question, there could, of course, be no authoritative decision upon the question as to the mode of trial in the statutory action to quiet title. Another of the questions was as to the trial of an issue joined upon a complaint asserting a legal title, and it was held that the issue was properly submitted to a jury. Another of the questions appears in this statement of the opinion. " The eleventh reason is, that the court erred in requiring the jury to return a verdict upon the fifth paragraph of the complaint before the argument upon the whole case and the return of answers to questions tendered them upon the whole case." It is perfectly obvious that the question as to the mode of trial in an action such as this was not before the court for decision, and that what was said bearing upon the subject can not be regarded as authoritative. In that case the cases of *Kitts* v. *Willson, supra,* and *Johnson* v. *Taylor, supra,* are disapproved, but as the question decided in those cases was not involved we can not regard the disapproval as requiring us to overrule them. We are satisfied that they were well decided.

Our judgment is that the trial court did not err in submitting the case to a jury for trial.

The special verdict shows that the jury found in favor of the appellee upon the second paragraph of his complaint.

It appears, therefore, that rulings respecting the first paragraph were harmless even if erroneous.

It is suggested, rather than asserted, that the verdict is outside of the issues, and we are referred to the cases of *Boardman* v. *Griffin*, 52 Ind. 101 ; *Thomas* v. *Dale*, 86 Ind. 435 ; *Hasselman* v. *Carroll*, 102 Ind. 153. If the assumption that the special verdict is entirely outside of the issues is correct, the appellant's motion for judgment should have been sustained. We think it clear that where the material facts stated in a special verdict or special finding are wholly outside of the issues the defendant in such a case as this is entitled to judgment, for the plaintiff can only recover according to the allegations of his complaint. *Palmer* v. *Chicago, etc., R. R. Co.*, 112 Ind. 250. The question is properly presented by a motion for judgment on the verdict. *Dixon* v. *Duke*, 85 Ind. 434 ; *Johnson* v. *Culver*, 116 Ind. 278. But while we think that the question was appropriately presented by a motion for judgment on the special verdict, we do not think there was any error in overruling the motion. There was no error for the reason that the special verdict states such facts as sustain the substance of the issue, and it is a familiar elementary principle that it is sufficient if the substance of the issue be proved. It is not necessary that matters should be proved precisely as pleaded. The facts stated sustain the substance of the cause of action stated, and are fully within the issues.

There may be some conclusions and some evidence stated in the verdict, but, eliminating all such matters, there are substantive facts fully sufficient to authorize a judgment, and it is well settled that in such a case an appeal will be fruitless. *Terre Haute, etc., R. R. Co.* v. *Brunker*, 128 Ind. 542 ; *Bartholomew* v. *Pierson*, 112 Ind. 430 ; *Hammann* v. *Mink, supra*. The facts stated in the verdict are, so far as the material points of the case are concerned, quite as strong as the allegations of the complaint, and what we have said in considering the sufficiency of that pleading fully ap-

Puterbaugh v. Puterbaugh.

plies to the questions made upon the special verdict, except, perhaps, as to one point. The appellant's counsel affirm that the verdict shows that the appellee entered into the possession of the particular tract of land as the tenant of his uncle, the vendor. We agree with counsel that the taking of possession as tenant, or continuing in possession under an entry as tenant, will not carry an oral contract out of the statute of frauds. *Green* v. *Groves*, 109 Ind. 519, and cases cited. But we can not hold that the familiar doctrine stated applies to this case, for the special verdict explicitly states that the contract was entered into between the parties, shows a valuable consideration yielded, shows that improvements were made, and shows under what right possession was taken. The statements of the verdict upon the question of possession are these: "And, relying upon said contract and in pursuance thereof, with the knowledge and consent of the said Henry Puterbaugh the plaintiff, with his wife, entered into possession of said eighty-acre tract of land, and has been in the peaceable, uninterrupted and exclusive possession of said land up to the death of the said Henry Puterbaugh and up to the present time." This finding excludes the inference that possession was taken as tenant, because it affirms that it was taken under a contract for the conveyance of the land.

We can not disturb the verdict upon the evidence.

Judgment affirmed.

Filed March 8, 1892; petition for a rehearing overruled April 28, 1892.