Filed Jan. 30, 1894.

---

No. 16,540.

STARKEY ET AL. *v.* STARKEY.

136  349
,158  285

ASSIGNMENTS OF ERROR.—*Conclusions of Law.—Exception to.—Assignment, How Made.*—Where an assignment of error is that the court erred in overruling the exceptions to the conclusions of law, instead of that the court erred in its conclusions of law, the record not showing that the court did overrule such exceptions, and not being required to take such action, no question is presented as to the conclusions of law.

PLEADING—*Indefiniteness.—Question, How Raised.*—The objection that the complaint is too indefinite, can not, as a rule, be properly raised by demurrer.

SAME. — *Complaint. — Indefiniteness. — Specific Performance. — Contingency.*—Where the complaint alleges, among other things, in an action for specific performance of a parol contract to convey land, that the promisor offered and agreed with the plaintiff, his son, that if plaintiff would give up going to Illinois to live, and would, with his

wife and children, move upon such tract of land, and settle upon the same, and remain there, so that plaintiff might be near him, and he might enjoy the society of plaintiff and his family, and if plaintiff would give him one-third of the grain raised on a certain part of said land, *until such time as the promisor would get in better financial circumstances*, the promisor would convey said land to plaintiff in fee-simple, the italicized phrase is not so vague and indefinite as to render the complaint insufficient on demurrer.

CONTRACT.— *Parol for Conveyance of Land.— Contingency.—Part of Crops.—Landlord and Tenant.*—Where one of the conditions in a parol contract between father and son, to convey land, was that the son should give to his father one-third of certain crops until the father should be in better financial circumstances, such condition did not make the son a tenant.

SPECIAL FINDING.—*Sustained by Evidence.*—That the finding of the court is sustained by the evidence, see opinion.

From the Sullivan Circuit Court.

*J. T. Beasley, A. B. Williams* and *W. C. Hultz,* for appellants.

*J. T. Hays* and *H. J. Hays,* for appellee.

HOWARD, C. J.—This was an action by appellee to enforce specific performance of a parol contract to convey land.

On the overruling of demurrers to the complaint, there was an answer in general denial.

At the request of the appellants, the facts were found specially. Conclusions of law followed in favor of the appellee, and on the overruling of a motion for a new trial, a decree was entered in accordance with the conclusions of law.

Numerous errors are assigned for our consideration.

The fifth assignment of error is that "The court erred in overruling the exceptions of George W. Starkey, to the conclusions of law stated upon the special finding of facts."

The sixth, seventh, and eighth assignments are sim-

ilar; and appellee insists that these assignments are not well made.

By section 551, R. S. 1881, it is provided that "Upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally for the plaintiff or defendant, unless one of the parties request it, with a view of excepting to the decision of the court upon the questions of law involved in the trial, in which case, the court shall first state the facts in writing, and then the conclusions of law upon them," etc.

Under the provisions of this statute, it has long been held that if the court has erred in its finding of facts, the proper means of reaching the error is to move for a new trial, unless the finding is so imperfect that no judgment can be based upon it, when a motion should be made for a *venire de novo*.

If the motion for a new trial is overruled, an exception should be entered to such ruling, and then it must be assigned as error, on appeal, that the court erred in overruling the motion for a new trial.

If, however, the court has erred in its conclusions of law on the facts found, an exception should be made to the conclusions of law, and then the assignment must be that the court erred in its conclusions of law. *Montmorency Gravel Road Co.* v. *Rock,* 41 Ind. 263; *Cruzan* v. *Smith,* 41 Ind. 288; *Lewis* v. *Haas,* 50 Ind. 246; *State, ex rel.,* v. *Berg,* 50 Ind. 496; *Selking* v. *Jones, Admr.,* 52 Ind. 409; *Dehority* v. *Nelson,* 56 Ind. 414.

In this case, instead of making the assignment that the court erred in its conclusions of law, the assignment made by appellants is that the court erred in overruling the exceptions to the conclusions of law. Whether it would be error in the court to overrule the exceptions to the conclusions of law, we need not inquire, since it is

not shown by the record that the court did overrule such exceptions.    The court took no action, and was not required to take any action, on appellants' exceptions; but the appellants, having duly excepted to the conclusions of law, should have assigned those conclusions as error. Having failed to make such assignment, there is no question before us on the conclusions of law by the court.

As, however, the errors complained of under the assignment relating to the conclusions of law are substantially the same as those discussed in considering the demurrers to the complaint, appellants have lost no rights by reason of the erroneous assignments.

The remaining assignments of error discussed by counsel relate to the sufficiency of the complaint and to the overruling of the motion for a new trial.

It is alleged in the complaint, that on and prior to the —— day of ———, 1884, George W. Starkey was the owner in fee-simple, of certain real estate in Sullivan county, described in the complaint; that the said George W. Starkey has three children only, of whom the appellee, aged thirty-one years, is the eldest; that at said date, in 1884, the appellee was of age, was married and had three small children, to whom their grandparents, the said George W. Starkey and his wife, then living, were greatly attached; that at said date the appellee made arrangements to move, with his family, to the State of Illinois, to live there permanently.    But the said George W. Starkey, being advised of appellee's arrangements and intentions to move to Illinois, did propose to, offer, and agree with appellee, his son, that if appellee would give up going to Illinois to live, and would move, with his wife and children, upon said tract of land, and settle upon the same, and remain there, so that appellee might be near him, and he might enjoy the society of

appellee and his family, and if appellee would give him one-third of the grain raised on a certain part of said land, until such time as the said George W. Starkey would get in better financial circumstances, he, the said George W. Starkey, would convey said land to appellee in fee-simple, and in the meantime the appellee might go ahead and improve the said land as his own, and for the consideration aforesaid the said land should and would belong to appellee, in fee-simple, forever; that the appellee did then and there accept said proposition, and, pursuant to said contract, and at the instance of, and with the full knowledge and consent of, the said George W. Starkey, the appellee did forego his intention of moving away, and did cancel his arrangements to go to Illinois, and did move upon said land, and was, by the said George W. Starkey, then and there put in full, absolute, and peaceable possession and control of all of said land as his own, and, in compliance with said contract, has ever since resided thereon, and still resides thereon, and has fully complied with the terms of said contract on his part; that, prior to November 21, 1890, appellee made valuable and lasting improvements on said land, which improvements are described in the complaint; and during the seven years since he was so put in possession, he has employed all his time and means in making improvements and betterments upon said land, having at all times had the assurance of the said George W. Starkey that said lands belonged to appellee, and that he would receive a deed therefor according to contract, and never had any notice or intimation to the contrary until after November 21, 1890, on which day, in disregard of appellee's rights, and without his knowledge or consent, and while appellee was in full possession, as aforesaid, the said George W. Starkey made a deed for

said land to the appellant George N. Fuller, who knew at the time of appellee's full possession and occupancy of the land.

It is also alleged, that George W. Starkey was receiving a pension of $31.25 per month from the United States government, and, at the date of said deed, had two other tracts of land, and money at interest, and was in better financial circumstances than he was in 1884, and in better financial circumstances than he had ever been prior to November 21, 1890; that on November 21, 1890, he was, and still is, out of debt and in good financial circumstances; that George W. Starkey and the said Fuller, and each of them, refuse to make a deed to appellee for said land.

Two objections are urged to this complaint: That it is too indefinite as to the time when the deed to appellee should be made, the time when "GeorgeW.Starkey would get in better financial circumstances," and that it shows that appellee took possession of the premises as a tenant only, and not under claim of title to the land under the contract.

The first objection, that the complaint is too indefinite, is not properly raised by the demurrer. This defect, if it existed, could be reached rather by a motion to make more specific. But we think the complaint is definite in this respect. It is expressly alleged, that on November 21, 1890, the date when the deed was made to Fuller, George W. Starkey was in better financial circumstances than he had been in 1884, when he made the contract with appellee, and better than he had been at any time prior to November 21, 1890; that he had two tracts of land besides that in controversy; that he was out of debt and had money at interest and was receiving a pension of $31.25 per month. These allegations seem to be suf-

ficiently definite as to George W. Starkey's improved financial circumstances.

*Lafollett* v. *Kyle*, 51 Ind. 446, was a case where a father had made a contract with his son, similar to the one we are considering, and according to which the father agreed to make the son a deed for the land in question if the son would remain with him and assist him until the son's marriage. This court held that the contract was not invalid for uncertainty.

· In *Harless* v. *Petty*, 98 Ind. 53, the father agreed with the son to put him in possession of the land and make him a deed, if the father did not pay the son a certain debt due the son "in a short time." This was held not to be indefinite.

The contract and complaint in the case at bar are much more specific and definite than those in either of the foregoing cases. The time when one becomes in "better financial circumstances," is capable of being determined definitely quite as well as the time when one "gets married," or "a short time;" in each case the fact may be known after it has occurred.

As to the objection that the possession of appellee was that of *a tenant*, and not simply under the contract, we think that the complaint very clearly shows that appellee was placed in possession of the land by his father, as one to whom the father agreed to make a deed in fee-simple on the performance by the son, of certain conditions stated. That one of those conditions was that the son should give to his father one-third of certain crops, until the father should be "in better financial circumstances," did not make the son a tenant. The contract recited in the complaint says nothing about rent or tenancy, but says expressly that "George W. Starkey would convey said lands to the plaintiff (appellee) in fee-simple, and in the meantime the plaintiff might go ahead

and improve the said lands as his own, and, for the consideration aforesaid, the said lands should and would belong to the plaintiff, in fee-simple, forever.''

The case of *Puterbaugh* v. *Puterbaugh*, 131 Ind. 288, was much like the one we are considering, being a case in which an uncle and nephew had entered into a contract similar to that in this case. The same objections were urged in that case as are urged in this,—that the complaint was indefinite as to the time when the deed should be made, and also that the possession of the nephew was. that of a tenant instead of an occupant under the contract to make conveyance. The complaint was held good, and it was held that the possession was not that of a tenant, although the nephew, as one of the conditions of the contract, was to give to his uncle one-half of the crops. It was also held there, as we hold here, that the contract was taken out of the statute of frauds by reason of possession and the making of valuable improvements. as part performance. See, also, *Law* v. *Henry*, 39 Ind. 414; *Bohanan* v. *Bohanan*, 96 Ill. 591; *McDowell* v. *Lucas*, 97 Ill. 489.

The finding of facts by the court states the facts to be substantially as alleged in the complaint; but appellants insist that some of the facts so alleged and found are not sustained by the evidence.

The case of *Cutsinger* v. *Ballard*, 115 Ind. 93, was a case where a father had made an oral agreement to convey certain land to his son for services rendered. We quote from the opinion by Judge MITCHELL, in that case, the following, as applicable to the objection thus raised in the case before us: ''Conceding the rule to be, in cases for specific performance, that the proof must establish the contract clearly, definitely and satisfactorily, it is, nevertheless, a question for the chancellor to determine whether the proof offered is sufficient to show the

existence of the contract with the requisite degree of clearness and certainty. Looking into the evidence, we can not say that it may not have established all the requisites to the enforcement of the contract, within the rule already stated. *Burns* v. *Fox*, 113 Ind. 205.''

As to whether George W. Starkey's army disabilities were of a permanent nature, so that his pension would last through life, we think the proof was such that the court was justified in finding the fact, or, rather, the conclusion of fact; but such fact, or conclusion of fact, was not essential to establish appellee's allegation that George W. Starkey was in better financial circumstances in 1890 than he had been in 1884. The latter fact was itself the ultimate fact to be found by the court; and the elements from which such ultimate fact might be found were numerous, viz; that he was out of debt, that he owned other tracts of land, that he had money at interest, and that he was actually drawing a pension of $31.25 per month. The court then found, in addition, definitely on the issue itself, that he was in better financial circumstances than he had been in 1884, when the contract was made. There was evidence from which the court might find this and the other facts necessary to support the conclusions of law and the decree in favor of appellee.

The judgment is affirmed.

Filed Jan. 31, 1894.