## HORNER ET AL. v. CLARK ET AL.

[No. 3,762. Filed May 28, 1901.]

SPECIFIC PERFORMANCE.—*Agreement to Convey Real Estate.—Gifts.*—Where the owner of land agreed with his daughter who resided with her family eight miles away from her parents that if she would move upon a certain tract of land near the home of the parents and improve it and make it her home he would convey it to her in fee simple, and the daughter moved upon the land, paid the taxes and made lasting and valuable improvements thereon and remained in full possession thereof for more than ten years, all with knowledge and consent of the father, she was entitled to a decree for the conveyance of the land. *pp. 7-11.*

CONTRACTS.—*Agreement to Convey Real Estate.— Consideration.— Specific Performance.—Gifts.*— Where a father agreed with his daughter that if she would move upon a tract of land and live upon it and improve it he would convey it to her in fee simple, a compliance with such agreement on the part of the daughter constituted a sufficient consideration upon which to base an action for specific performance, since, although the consideration flowing to the father was only good, and not valuable, there was a valuable consideration on the part of the daughter. *p. 11.*

SAME.—*Agreement to Convey Real Estate.—Gifts.—Time of Conveyance.* — An agreement by a father to convey to his daughter a certain tract of land if she would live upon it and improve it is not rendered unenforceable because no definite time was fixed when the conveyance should be made. *p. 11.*

SPECIFIC PERFORMANCE.—*Demand.*—In an action by a daughter to enforce the specific performance of an agreement of her father to convey to her certain real estate, it was not necessary that the complaint show a demand for a deed, where the complaint showed that defendant repudiated the contract, denied obligation thereunder, and conveyed the property to a stranger.  *p. 13.*

From LaGrange Circuit Court; *H. D. Wilson,* Judge.

Action by Sarah A. Clark and another against Isaac Horner and others. Judgment for plaintiffs. Two of the defendants appeal. *Affirmed.*

*O. L. Ballou* and *R. P. Barr,* for appellants.

*F. D. Merritt, J. D. Ferrall* and *J. W. Hanan,* for appellees.

BLACK, C. J.—This was a suit for specific performance of an agreement for the conveyance of land, commenced on the 27th of March, 1899, by the appellees, Sarah A. Clark and Jesse C. Clark, against Isaac Horner and Catherine Horner, the appellants, and George L. Sparks. A demurrer of each defendant to the complaint for want of sufficient facts was overruled. It was shown in the complaint that the appellee Sarah, who was the wife of her co-appellee, was the daughter of the appellants, and she and her sister named (not a party) were the only children or descendants of children of the appellants; that in November, 1886, the appellant Isaac was the owner of over 400 acres of good and valuable land in LaGrange county, Indiana, on a part of which he and his wife, his co-appellant, resided; that at that date and for some time prior thereto, the appellee Sarah, with her family, was residing some eight miles away from her parents, who were and had been desiring her to come with her family and live near them, so that they could have her society, company, aid, and assistance, as they were alone and over sixty years of age; that the appellant Isaac was the owner of certain land, being eighty acres, described, in said county, which had no buildings on it, and at that date the appellants went to the appellee Sarah and

proposed to offer and agree with her that if she with her husband and children would move upon said eighty acres of land and settle upon the same and improve it and make it their home, they would aid her to erect a dwelling-house thereon near their home, so that they could enjoy the company and society of their said daughter and family, and would convey to her said lands in fee simple; that appellee Sarah accepted said proposal and agreement; that under and pursuant thereto the appellants did give her said lands and did put her in full possession thereof, and she took possession with her family under and by virtue of said agreement, in the fall of 1886, and has remained in full possession of said lands from thence hitherto under said agreement, and relying upon the same and in compliance with said contract, erected a dwelling-house thereon of the value of $1,800, her father aiding her to the extent of $800; that she has fully complied with all the terms of said contract on her part; that with the knowledge and encouragement of the appellants, she has made other valuable, lasting and permanent improvements on said lands; that she erected thereon a barn of the value of $300, and put in three wells and pumps, and built outhouses and buildings, and cleared four acres of said lands, and fenced the entire tract into proper fields; that she planted and grew a good orchard of apple, peach, and other trees, all of which are now growing on said lands; and she has paid all the taxes on said lands since 1886; that while she was making these improvements, the appellants frequently have encouraged her to do so, and said they were ready to and would make her a deed to the lands, and "about six years ago" did sign and acknowledge a deed to her for said lands; that the appellant Catherine then refused to join in a deed for said lands to appellee Sarah until the appellant Isaac conveyed to her eighty acres of land of the value of $2,000, which he did upon the consideration that she would join in a deed with him to the appellee Sarah for the lands so agreed to be conveyed to her; that the

appellee Sarah with her family, husband and children, ever since the fall of 1886, has possessed and lived on said lands and made all of said improvements thereon, of the value of $2,000, under and pursuant to said contract and agreement, believing in good faith that the lands were her own and that her parents would convey them to her, as they had so agreed; that during all said time the appellants recognized said lands as hers, until the fall of 1898, when they repudiated and denied said agreement and demanded of her that she should pay them rent or leave said lands, and refused to convey the lands to her, though she had often requested them so to do; that on the —— day of —— 1899, they executed a deed of said lands, without consideration, to their codefendant, George L. Sparks, "who at the time had full knowledge of plaintiff's rights in said lands and her possession thereof." Prayer for judgment that the appellee Sarah is the owner of said lands, and that the defendants be decreed to convey them to her, and on refusal so to do, that a commissioner be appointed, etc.

A complaint for the enforcement of the specific performance of a contract must show the contract to be complete and certain and fair, just and equal in all its parts, and founded upon a valuable consideration. The contract must appear to be capable of being specifically enforced against both parties, and it must be made to appear that a refusal to perform on the part of the defendant will be a fraud upon the plaintiff. *Louisville, etc., R. Co.* v. *Bodenschatz,* 141 Ind. 251; *Ikerd* v. *Beavers,* 106 Ind. 483.

When the party seeking by suit the specific performance of an oral contract for the conveyance of land has been put in possession of the land under and pursuant to the contract and has made lasting and valuable improvements thereon and has fully performed his part of the contract and thereby has paid the whole purchase price for the land, he is the equitable owner thereof, while the other party to the contract, the vendor, who has not performed the contract on

his part by the conveyance of the legal title, holds that title as trustee in trust for the equitable vendee; and until this trust is openly disavowed by the trustee and he insists upon an adverse right which is fully made known to the vendee, the *cestui que trust,* no lapse of time is a bar as between the vendee and the vendor. *Cutsinger* v. *Ballard,* 115 Ind. 93, 97; *Hunter* v. *Bales,* 24 Ind. 299.

In *Starkey* v. *Starkey,* 136 Ind. 349, the owner of land agreed by parol with his son that if he would not remove to another state as contemplated, but would move with his family upon the land and settle upon it and remain there so that the son might be near the father and he might enjoy the society of the son and his family, and if the son would give the father one-third of the grain raised on a certain part of the land until such time as the father would be in better financial circumstances, the father would convey the land to the son in fee simple, and in the meantime the son might go ahead and improve the land as his own, and for such consideration the land should and would belong to the son in fee simple. The son accepted the proposition, and pursuant to the contract, and at the instance of the father and with his knowledge and consent, did forego his intention of moving away and did move upon the land and was put in possession and control of it as his own by the father and continued to reside there and fully complied with the contract and made certain lasting and valuable improvements on the land, having at all times the assurance of the father that the land belonged to the son, and that he would receive a deed therefor, until a certain date, when the father, while the son was still in possession, without his knowledge or consent, made a deed for the land to a stranger to the contract who knew of the son's possession of the land. It was held upon demurrer to a complaint of the son for specific performance against the father and his grantee, showing these facts, that the contract was not too indefinite as to the time when the deed should be made,

and that the son could not be regarded as having possession as a tenant.

If the consideration flowing to the appellants was only good, and not valuable, there was a valuable consideration on the part of the donee, in that she was to remove to the land and live upon it and improve it, which the complaint shows was performed. *Law* v. *Henry,* 39 Ind. 414; *LaFollett* v. *Kyle,* 51 Ind. 446; *McFerran* v. *McFerran,* 69 Ind. 29; *Atkinson* v. *Jackson,* 8 Ind. 31.

"The fact that affection formed an element of the consideration does not impair the force of the contract. The parties agreed upon a consideration valuable in its nature, and their agreement as to its sufficiency the courts will not disturb, since to do so would be to make a contract for parties capable of contracting." *Puterbaugh* v. *Puterbaugh,* 131 Ind. 288, 292.

That no definite time for the making of the deed of conveyance was specified in the contract did not deprive it of an essential ingredient, see *Puterbaugh* v. *Puterbaugh, supra; Starkey* v. *Starkey,* 136 Ind. 349. This is not a case wherein the party seeking a conveyance was to pay the party from whom such performance is sought any purchase-money or give him any valuable property, nor is it one wherein the alleged consideration was the future support of the vendor or the rendition of services of value for him. No valuable consideration certain or uncertain, definite or indefinite, was to pass or accrue to the vendor. The contract, however, appears to be sufficiently definite and certain, and the consideration is shown to be valuable, and appears to have been performed on the part of the vendee. Pursuant to the agreement she changed her situation, took actual possession and during her occupancy of many years made valuable and lasting improvements of the character indicated in the agreement. The failure and refusal to transfer the legal title to the land to her as agreed will operate as a fraud upon her.

The taking possession and making improvements as stated

in the complaint indicated the existence of some contract sufficiently to take the case out of the operation of the statute of frauds and to permit proof by parol of the terms of the contract, and the contract alleged shows a definite agreement for a conveyance of real estate, which is a donation on the part of the vendor, but involves a valuable consideration on the part of the vendee by way of expenditures and performance in the improvement of the real estate.

The court is not called upon to consider an indefinite and incomplete contract for future compensation on the part of the vendee, but is shown the executed performance of the requirements of the contract on her part. She has already done what she was to do to secure a conveyance, and she can not have an adequate remedy without a conveyance.

A parol gift of land may be so far executed that the donee who has been put into possession and has made expenditures for lasting improvement will be entitled to a decree for a conveyance. *Drum* v. *Stevens,* 94 Ind. 181.

Although our own reports thus furnish ample authority for upholding the complaint before us, we may take space for a quotation from a most eminent text-writer. In §130 Pomeroy on Contracts (2nd ed.) it is said: "The making of valuable improvements by a donee in possession is also regarded by courts of equity as furnishing a sufficient ground for decreeing the specific execution of a *parol gift of lands,* either when the gift is made to a relative, or in anticipation of marriage, or in the nature of an advancement, or when it is purely charitable. Possession alone is not sufficient. A parol gift of land, even from father to son, will not be enforced unless followed by possession and by valuable improvements made by the donee, or unless there are some other special facts which would render the failure to complete the donation peculiarly inequitable and unjust. * * * The statute of frauds is satisfied by possession as a part performance, and the general doctrines of equity demand, in addition thereto, a valuable consideration. This

latter demand is answered by the outlays, expenditures, and labors of the donee in making the valuable improvements as a consequence of the gift."

No question is made here on behalf of the defendant Sparks, who is not a party to the appeal. He is represented by the complaint as taking a conveyance without consideration, the appellees being in possession of the land. He had notice of the equity of the appellee Sarah and took subject to it. See *Robinson* v. *Thrailkill,* 110 Ind. 117; *Hunter* v. *Bales,* 24 Ind. 299; *Walker* v. *Cox,* 25 Ind. 271.

The defendants answered in four paragraphs, the first being a general denial, and the others being answers setting up each a different period of limitation. To the fourth paragraph, in which the period of six years was set up as a bar to the action, a demurrer was sustained. This was not error.

In *Stretch* v. *Schenck,* 23 Ind. 77, decided in 1865, it was held that where an exchange of lands is made, each piece being of equal value to the other, so that no money is to be paid, and possession of the several tracts is taken pursuant to the exchange, a delay of ten years to proceed to compel execution of deeds is not, *per se,* a bar to a suit for specific performance.

An action can not be brought on a covenant or agreement to convey real estate, as a general rule, until there has been a demand for such conveyance. *Mather* v. *Scoles,* 35 Ind. 1. Until, therefore, a demand has been made, or there has been such repudiation of the contract as excuses a demand, the statute of limitations does not begin to run. *Parks* v. *Satterthwaite,* 132 Ind. 411.

If it may be said that the complaint does not show a demand for a deed, the repudiation of the contract and denial of obligation under it and the conveyance to a stranger to the contract obviated the need for a demand. *Law* v. *Henry,* 39 Ind. 414, 417; *Burns* v. *Fox,* 113 Ind. 205; *Cutsinger* v. *Ballard,* 115 Ind. 93; *Harshman* v. *Mitchell,* 117 Ind. 312; *Denlar* v. *Hile,* 123 Ind. 68.

In *Martin* v. *Martin,* 118 Ind. 227, 231, it was held that an answer that the plaintiff's cause of action in a paragraph of complaint for specific performance of a parol contract of purchase of real estate against the vendor did not accrue within fifteen years before the institution of the suit was a good answer. It was said: "There is no other period of limitation, as fixed by the statute, applicable to the paragraphs of the complaint to which this answer is pleaded, therefore the fifteen years' limitation, as provided in §244 R. S. 1881 must apply."

The court rendered a special finding, and it is assigned that the court erred in its conclusions of law. The facts were found substantially as stated in the complaint, except that it was found that the defendant Sparks was a grandson of the appellants, being the son of their daughter Amanda C. McConnell, and that while the appellants, in 1899, before the commencement of this action prepared, signed and acknowledged a deed for the land in question to the defendant Sparks, they did not deliver it to him and it was still in the possession of the appellants.

The court's conclusions of law were in effect that the appellee Sarah A. Clark is the owner and entitled to the possession of the land, and that the appellants should execute to her a good and sufficient deed of conveyance therefor without warranty, within thirty days, or upon their failure to do so a commissioner should be appointed by the court, etc.; that the defendant Sparks had no title or interest in the land, and that the costs of this suit should be taxed to the appellants. Judgment against the appellants alone was rendered in accordance with the conclusions of law. If our determination that the complaint stated facts sufficient be correct, there was nothing in the conclusions of law of which appellants can complain.

It is next contended that the court erred in overruling the motion of the appellants for a new trial. The appellants attempted to preserve for appeal the evidence and the rul-

ings upon the trial by the method provided in §6 of the act of March 3, 1899 (Acts 1899, p. 384), which method was condemned by the Supreme Court in *Adams* v. *State,* 156 Ind. 596. See, also, *Anderson* v. *Lake Shore, etc., R. Co.,* 26 Ind. App. 196; *Shirk* v. *Lingeman,* 26 Ind. App. 630.

The General Assembly at its last session, Acts 1901, p. 511, because of doubts as to the validity of said act of 1899, or portions thereof, sought to prescribe a method for preventing the failure of appeals through futile attempts pursued under it to introduce into records on appeal the testimony or proceedings or any part of the same, taken or had upon the trial of causes. No attempt has been made to cure this defect in the record before us; and, without expressing any opinion upon this statute of 1901, we are constrained to treat the question argued by counsel relating to the action of the court in overruling the motion for a new trial as not properly involved in the cause as shown by the record.

Judgment affirmed.