THOMAS H. CUSEY *et al.*

*v.*

ELIZABETH HALL *et al.*

1. SPECIFIC PERFORMANCE—*of parol contract, discretionary.* A specific performance of a parol contract for the conveyance of land can not be claimed as a matter of right in either party, but is a matter resting in the sound and reasonable discretion of the court, under the circumstances of each particular case.

2. Where two sons entered upon a tract of land belonging to their father, and divided the same among themselves, and one having bought his brother's equitable right to a portion, on his death bed requested his father to convey the legal title of the same to his wife and infant daughter, which

was done, it was *held*, on bill by the daughter and her husband, for a specific performance of a prior parol understanding, by which to vest the whole in the daughter, there being no equitable circumstances shown, the relief was properly refused.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. ROWELL & HAMILTON, for the appellants.

Messrs. WELDON & BENJAMIN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The doctrine has been often recognized and acted upon by this court, that a specific performance of a parol contract for the conveyance of land can not be claimed as a matter of right in either party, but is a matter resting in the sound and reasonable discretion of the court, and the circumstances attending each particular case will be carefully regarded.

The circumstances under which the sons of John Edwards entered upon this tract of land, dividing it between themselves, are not so clearly shown as to justify a decree for a specific performance, if either of the sons was in life and asking for it. Whatever the contract was, it was in parol, that is certain, and there is no rule of law better established, than when a contract rests in parol, it may be changed by parol.

There is satisfactory proof in this record, that for this tract of land, containing thirty acres, the right to which Elias Edwards had bought of his brother Lucius, the legal title being in their father, John Edwards, was actually conveyed by deed executed by John Edwards precisely in the manner and to the persons indicated by Elias Edwards on his death bed. Being *in extremis*, he requested his father to convey this tract of land to his wife, Elizabeth, and their infant daughter, Laura, which, after the payment of the debts of Elias, he did do.

Since then, the widow Elizabeth has intermarried with Caswell Hall, and Laura, grown to womanhood, has intermarried with Thomas H. Cusey, and she, joining with her husband in

11—81ST ILL.

this bill of complaint, seeks a decree, under the claim for a specific performance, by which the entire title to the tract of land shall vest in Laura Cusey, to the exclusion of Elizabeth Hall, her mother. This, at first blush, is an unjust demand, and courts of equity strive to decree so as to prevent injustice. It was the dying request of Elias Edwards, that the legal title should be vested in his wife and daughter. This has been done by the party owning that title, and there it should remain. No equitable or other circumstances are shown to justify this court in making any other disposition of the land than the parties most interested have chosen to make of it.

The decree of the circuit court is affirmed.

*Decree affirmed.*