MAGGIE TYRRELL, RESPONDENT, *v.* JAMES YORK, APPELLANT.

*Gift from husband to wife — evidence of delivery, different in the case of personal ornaments, and in the case of furniture — consideration, promise to live with a man.*

While slight evidence of a gift from a husband to a wife may be sufficient in a case of a wife's personal ornaments, on the other hand, as to such things as furniture which are in common use in the family, a gift must be shown by delivery to the wife and possession by her.

The ordinary use thereof in the family is not sufficient to establish her possession thereof.

The promise of a woman to continue to live and cohabit with a man, not her husband, forms no valid consideration for a contract made on his part with her.

APPEAL by the defendant from a judgment of the Albany County Court, in favor of the plaintiff, entered in the office of the clerk of Albany county on the 24th day of September, 1889, with notice of an intention to bring up for review upon such appeal the order denying the defendant's motion to set aside the verdict of the jury and for a new trial.

The case was brought into the Albany County Court, on an appeal from a judgment of the Justice's Court of the town of Watervliet, Albany county, N. Y., where the plaintiff recovered $200 damages and five dollars and forty cents costs. The trial in the County Court resulted in a verdict for the plaintiff for the sum of $200 and costs.

*Andrew Hamilton*, for the appellant.

*James H. Ryan*, for the respondent.

LEARNED, P. J.:

This action was brought in a Justice's Court to recover damages for taking goods and chattels. The plaintiff recovered and the defendant appealed. On a new trial in the County Court the plaintiff again recovered and the defendant appealed.

The plaintiff claims to have been the owner of this property (household furniture) when it was taken by defendant. The defendant avers that on the 14th of January, 1888, John Tyrrell, then the owner, mortgaged the property to defendant, and that, by virtue of the mortgage, defendant took and sold the property February 29, 1888.

Tyrrell bought the property of defendant in December, 1886, and took it to his house where he and plaintiff were living as husband and wife. They had been married (at least formally) in September, 1886. On February 20, 1888, Tyrrell went away from plaintiff. She claims that, in January, 1887, and again in July, 1887, Tyrrell gave her this property. Of course, the material question is as to her title. If she owned the property, Tyrrell could not give a valid mortgage on it. If she did not own it, then it is immaterial whether the mortgage was for more or less than Tyrrell owed York. Her title must depend on the alleged gift by Tyrrell to her. Because it is plain that, before such alleged gift, the property was Tyrrell's.

She says Tyrrell secured a house in December, 1886, and put the

furniture in it; that he gave it to her the first week in January, 1887; that she had him arrested in July, 1887, when he had been drinking, and she also commenced an action for divorce against him; that he then took the pledge and agreed, if she would return and live with him, that all the furniture should be hers, and that she returned and lived with him till he went away. This last arrangement is also testified to by the police justice before whom Tyrrell was brought.

The defendant insists that there was not sufficient proof of a gift to go to the jury, and not sufficient delivery of possession to go to the jury as showing a completed gift.

The doctrine applicable to this case is shown in *Armitage* v. *Mace* (96 N. Y., 538), where, on slight evidence of the gift by a husband to his wife of a mare, it was held that there was enough to show " all the possession that a wife living with her husband could have;" and the law is further shown in *Whiton* v. *Snyder* (88 N. Y., 299). There, after speaking of personal ornaments, etc., the court says: "As to  *  *  *  furniture  *  *  *  adapted to the use of and used by the family generally, and in their common possession, a different rule must apply,  *  *  *  the difficulty of establishing an executed gift by showing a delivery or a separate and personal possession, remains." That is, that, while slight evidence of gift may suffice as to a wife's personal ornaments, on the other hand, as to such things as furniture, which are in common use in the family, an executed gift must be shown by delivery to the wife and possession by her. The ordinary use in the family does not show her possession.

It is plain that there was no proof of an executed gift in January, 1887; nor was there any such change of possession as would make an executed gift out of the transaction of July, 1887; but it might be said that there was then a contract by plaintiff to return and live with Tyrrell after, by his conduct, he had forfeited all right to her society. In answer to this the defendant says, that if she was not the lawful wife of Tyrrell, then the contract was for future illicit intercourse and was void.

The plaintiff says she had lived in West Troy thirty-four years; had known Tyrrell a great many years by sight; had known of his wife and family, and that Tyrrell told plaintiff he was not a widower.

It is undisputed that Tyrrell and his wife lived in West Troy thirty years and had nine children born there; and that four or five years before the trial Tyrrell and his wife separated. She went to North Adams, where she was living at the time of the trial, and he remained in West Troy. Tyrrell and plaintiff went to New Jersey; were there two hours; were married and returned to West Troy; she says she did not feel like getting married in West Troy; that Tyrrell thought it would be more binding to be married in New Jersey.

We have, then, the fact that plaintiff knew that Tyrrell had been a married man for many years and knew he had children and that his wife was living. There is no evidence that he had been divorced or that plaintiff had any reason to suppose that he had been divorced. These facts, together with the circumstance that she and Tyrrell went to another State merely to have the marriage ceremony performed without any explanation, show that the relationship between them, though under the pretense of marriage, must have been known to her to be illegal. Her promise to continue therein could, therefore, afford no valid consideration for a contract on his part. Indeed, the learned court thus charged with the qualification if she knew the fact of Tyrrell's marriage. We think that there is no contradictory evidence on that point.

The judgment and order should be reversed and a new trial granted, costs to abide event.

LANDON and MAYHAM, JJ., concurred.

Judgment and order reversed, new trial granted, costs to abide event.