## NANCY A. FOUTS

*v.*

## ALICE J. ROOF.

*Opinion filed February 14, 1898.*

SPECIFIC PERFORMANCE—*when equity will specifically enforce oral contract to convey land—Statute of Frauds.* An oral agreement between parent and child, whereby the former agrees to convey land to the latter if he will take possession of, reside upon and improve the same, will be specifically enforced in equity when the child has fully performed his part of the agreement, as such part performance takes the contract out of the Statute of Frauds.

APPEAL from the Circuit Court of Stark county; the Hon. THOMAS M. SHAW, Judge, presiding.

B. F. THOMPSON, for appellant.

ALLEN P. MILLER, and FRANK A. KERNS, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery by the appellee to enforce specific performance of an alleged oral contract on the part of the appellant to convey certain real estate to the appellee. The bill alleged that the appellee is a married woman having a husband and three children, and that the appellant, her mother, was the owner of sixty-five acres of land in Marshall county, as her separate property; that on or about February 1, 1890, the appellant expressed a desire to provide the appellee with a home, and offered and agreed to convey her the said land in Marshall county if the appellee and her husband and family would move upon and occupy the same as a home; that appellee accepted the offer, and she and her husband and family at once moved upon the said premises and have since lived and resided there as their home; that they made lasting and valuable improvements upon the property, and paid all taxes thereon since they have so occupied the same, —a period of about seven years,—and that appellant now

refuses to execute a deed to the premises, etc. The appellant answered the bill, denying the material allegations thereof and invoking the Statute of Frauds as a defense. The cause was referred to the master to take and report the proof, with his conclusions as to the facts. The master reported the evidence produced by the respective parties, and his conclusion thereon that the evidence supported the allegations of the bill. The appellant's exceptions to the report of the master were heard by the court and overruled, and a decree entered granting the relief asked by the bill. The defendant to the bill has removed the cause to this court by appeal.

We have carefully read the evidence as set forth in the abstract prepared by appellant, and also that in the additional abstract prepared by appellee. It appeared that the appellant and her husband, and appellee (their daughter) and her husband and three children, prior to 1890 were living in Stark county, and that appellee and her husband lived upon a farm which they rented from the husband of appellant. Appellant owned in her own right the land in question, about sixty-five acres, situate in Marshall county, on which there was a house, some outbuildings and some cultivated land. In February, 1890, in pursuance of an agreement made between appellant and her daughter, the appellee, the terms whereof are the bone of contention herein, the appellee and her husband and family moved on the sixty-five acres of land and have since resided there. Almost at once after going on the land they began to make improvements thereon with the full knowledge of the appellant. They repaired —practically rebuilt—the dwelling house, built corn-cribs and fences, dug drains and laid tiling, put a pump in the well, set out apple, cherry, peach, pear and evergreen trees, and grape vines and currant and gooseberry bushes, etc. They paid all taxes on the land for the years 1890,'91, '92, '93, '94 and '95. The taxes for 1896 were paid by appellant either shortly before or soon after the bill herein

was filed, but it was proven both of the parties were prepared to pay, and were endeavoring to pay, such taxes, and that a representative of the appellant was the more vigilant, and succeeded in meeting the collector almost immediately after that officer had received his collector's book, and induced the collector to receive the taxes from him. Appellee paid no rent upon the said premises at any time, and none was demanded of her until some time after the death of her father, which occurred about the close of the year 1894. Appellee testified the appellant, (her mother,) in view of the fact appellee and her family did not own a home but were renters, verbally agreed that if appellee, her husband and her children would move upon the land in question, improve it and make it their home, she would convey the title thereof to appellee, and that it was in pursuance of this agreement appellee and her family received possession of the land, made the improvements before mentioned and paid the taxes thereon and held it without rent, and that appellant was present when some of the improvements were being made, and told her to go on and fix the place to suit her; that it was her land. Five witnesses produced on behalf of appellee testified appellant stated to them, in substance, that she had given the premises in question to the appellee,—made her a present of it, so that she might own her own home; and one of the said witnesses testified appellant said to her she had made a deed conveying the land to appellee. Appellant admitted, on cross-examination, she and her husband executed a deed to the appellee for the land. It was proven that after the death of the father of the appellee a deed was found among the papers of her father conveying the land to her, and that appellant took the deed and destroyed it. Appellant, as a witness, denied she made the contract as claimed by the appellee and denied she made the statements as testified to by the five witnesses, and testified appellee went into possession of the land under a con-

tract that she should pay taxes and have what the place produced. She further testified that after the death of her husband (father of appellee) she proffered to convey the land to appellee if it would be accepted as in full of the interest of appellee in the property of both her father and mother. Appellant admitted a deed was executed by herself and her husband conveying the land to appellee, and that she destroyed the deed after her husband's death because appellee would not accept it as in full of all her rights as heir of her father and prospective heir of her mother. Appellant also testified appellee, in answer to a demand for rent, sent a written reply saying she would pay rent. This demand was made after appellee had lived on the land nearly six years, and she (appellee) testified she replied if it was right she would pay rent rather than move. The testimony of the person who wrote the note for appellee corroborated her version of its contents. There was other testimony *pro et con*, but it was not material to the rights of either of the parties.

Upon full consideration of all the evidence we have no doubt but appellant and her husband entered into the agreement as set forth in the bill and testified to by appellee, and that they intended to invest appellee with title to the land in pursuance of the agreement, and for that purpose executed the deed to appellee but held it for some reason, possibly to await a convenient time to deliver it, or possibly until they should become satisfied appellee and her husband would improve the place and make it their permanent home. While they were so holding the deed the husband and father died, and then it was, and not before, that appellant conceived the idea appellee should be required to accept the premises in question as in full of her share in the estate of her father, and destroyed the deed because appellee would not so accept it. The deed contained no such exception, nor was the agreement between appellee and appellant so conditioned. It would have been an injustice, amounting

to a fraud upon appellee, to require her, after she had complied with the contract, to submit to a loss of her interest in the estate of her father in order to obtain the fulfillment of the contract by the appellant. We have frequently held, that where a parent makes a parol promise to a child to convey a tract of land if the child will take possession of, reside upon and improve the same, and in reliance upon the promise the child takes possession and makes improvements of a permanent and valuable character, a court of equity will decree specific performance of the agreement. Such a promise rests on a valuable consideration, and performance on the part of the child takes the oral contract out of the operation of the Statute of Frauds. *Langston* v. *Bates,* 84 Ill. 524; *Bohanan* v. *Bohanan,* 96 id. 591; *Bright* v. *Bright,* 41 id. 97; *Kurtz* v. *Hibner,* 55 id. 514; *Wood* v. *Thornly,* 58 id. 464; *Padfield* v. *Padfield,* 92 id. 198; *McDowell* v. *Lucas,* 97 id. 489.

The decree is affirmed.                                      *Decree affirmed.*