ANDREW J. WOODARD

v.

CHARLES WOODARD et al.

|178   295|
|200   ¹168|

*Opinion filed February 17, 1899.*

1. SPECIFIC PERFORMANCE—*when evidence does not warrant decree.* Equity cannot specifically enforce an oral contract to convey land resting upon the sole testimony of the complainant, which is contradicted in every material point by the unimpeached testimony of the defendant and another witness, who, the complainant testified, was connected with the contract and acquainted with its terms.

2. SAME—*when no benefit can be claimed from the making of improvements.* The making of lasting and valuable improvements upon one tract of land, the legal title to which was in the complainant by deed from the defendant, is not a circumstance tending to support complainant's bill to compel the conveyance of another detached tract claimed to have been included with the former tract in an oral contract to convey.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. A. S. WILDERMAN, Judge, presiding.

VAN HOOREBEKE & LOUDEN, (HENRY C. GOODNOW, of counsel,) for plaintiff in error.

L. M. KAGY, for defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a bill in equity brought by Andrew J. Woodard, against his father, Charles Woodard, and others, to enforce the specific performance of an alleged parol agreement to convey forty acres of land in Marion county. A hearing was had on the pleadings and evidence, and the court entered a decree dismissing the bill, to reverse which the complainant prosecuted this writ of error.

It seems from the evidence introduced on the hearing that Charles Woodard, one of the defendants, about the year 1875 or 1876 owned a farm in Marion county consisting of one hundred acres, upon which he resided.   In ad-

dition to the home farm he owned two forty-acre tracts of land about a half mile from his residence, and also 'twenty acres of timber land some three miles from the forty-acre tracts. He had two sons, the complainant and William Woodard. One of the forty-acre tracts was conveyed to the complainant by his father in 1884, and the twenty acres were sold by the father in 1886, so that there is but one forty-acre tract of land involved in this proceeding.

The complainant does not claim that there was any contract in writing made between him and his father in relation to the land in question, but he relies solely upon a verbal agreement. A specific performance of a parol contract for the conveyance of land cannot be claimed as a matter of right in either party, but it is a matter resting in the sound and reasonable discretion of the court, and the circumstances attending each particular case will be carefully considered. (*Cusey* v. *Hall*, 81 Ill. 160.) In Story's Equity Jurisprudence (vol. 2, sec. 764,) the author says: "In order to take a case out of the statute upon the ground of part performance of a parol contract it is not only indispensable that the acts done should be clear and definite and referable exclusively to the contract, but the contract should also be established by competent proofs to be clear, definite and unequivocal in all its terms." Was such a contract established by the evidence in this case?

But a single witness undertakes to testify to the contract relied upon, and that is the complainant himself. He testified, in substance, that an agreement was made by which he was to go upon the home farm, cultivate it, pay the taxes and support his father and mother out of the proceeds of the farm, and that he was to have the farm; that his brother, William, was to go upon the two forty-acre tracts, improve them and pay the taxes, and he was to have them and also the twenty acres of timber

land. Complainant also testified that the next spring after this arrangement had been made it was agreed that he and his brother, William, should change places; that William was to take his place on the home farm and he was to take the place of William on the two forty-acre tracts and the twenty acres of timber land; that in pursuance of the arrangement so made he moved on the two forty-acre tracts of land, improved them and paid the taxes, as he had agreed to do.

If a contract was made as claimed by complainant, it falls short of the requirements laid down by Story as essential to the enforcement of a parol contract. It was not definite and unequivocal. No time was set by the contract, as detailed by complainant, when, if ever, a deed should be made for the land. Nothing was said in regard to the nature or character of the improvements to be placed on the land. Whether they should be extensive or of little or no value is left to conjecture. But aside from these considerations, when the evidence introduced by the defendants is considered in connection with complainant's evidence it is clear no contract which a court of equity would enforce has been established. The evidence of complainant was squarely contradicted in each and every material point by Charles Woodard, the father of complainant, and by his brother, William Woodard. They unite in testifying that no contract was made whereby the complainant and William Woodard, or either of them, were to have any lands belonging to the defendant Charles Woodard. If a contract had been made these witnesses would know it. They would know its terms and conditions, and when they come into court and testify that no contract was ever made, so long as their credibility is not called in question the case attempted to be made by complainant is overcome. It is true, two witnesses, Frank and Charles Woodard, sons of the complainant, testify to statements they heard the

defendant Charles Woodard make, to the effect that the land was their father's land; that it was in their father's name and he (Charles Woodard) could not sell it. But loose, unguarded declarations of this character cannot overcome the positive evidence that no contract was ever in fact made. Moreover, the statement which those wit-' nesses testify was made by the defendant Charles Woodard in all probability had reference to the forty acres of land which he had conveyed to the complainant.

In the argument importance seems to be attached to the alleged fact that lasting and valuable improvements were made by the complainant on the land in question. Upon an examination of the record it will be found that the two forty-acre tracts are not in the same quarter section, and the improvements which the complainant made were principally on the forty-acre tract which was deeded to complainant and is not involved in this proceeding. The house, barn and all other buildings were on that forty. No buildings had been erected on the forty-acre tract in question, and even the fence around the land had been removed. There were therefore no valuable and lasting improvements made on the land, and no rights can properly be claimed on the ground of improvements.

*Fouts* v. *Roof*, 171 Ill. 568, has been cited as an authority to control the decision of this case. We find no fault with the rule laid down in the case cited, but the facts in that case are so different from the facts here that it cannot control.

After a careful consideration of the evidence in the record we are satisfied that the decree dismissing the bill was correct, and it will be affirmed.

*Decree affirmed.*