HORNER ET AL. v. McCONNELL ET AL.

[No. 19,514. Filed April 3, 1902.]

PLEADING.—*Contracts.*—*When Presumed to be Oral.*—Where the complaint in a suit for the specific performance of a contract to convey land is silent as to whether the contract was oral or in writing, it will be presumed to have been oral. *p. 284.*

FRAUDS, STATUTE OF.—*Parol Contract to Convey Land.*—*Enforcement.*—
Where a parent makes a parol promise to a child to convey a tract of land if the child will take possession of, reside upon and improve the same, and in reliance upon the promise the child takes possession and makes improvements of a permanent and valuable

character, such promise rests upon a valuable consideration; and performance on the part of the child takes the oral contract out of the operation of the statute of frauds, and a court of equity will decree a specific performance of the contract.  *pp. 284-287.*

LIMITATION OF ACTIONS.—*Parol Contract to Convey Land.*—An answer pleading the six years' statute of limitations in bar of a suit to enforce a parol contract to convey real estate is demurrable, since the only statute applicable is the fifteen years' statute as provided by §295 Burns 1901.  *p. 287.*

From LaGrange Circuit Court; *Anthony Deahl,* Special Judge.

Suit by Amanda McConnell and husband against Isaac Horner and wife for the specific performance of a contract to convey land.  From a judgment in favor of plaintiffs defendants appeal.  *Affirmed.*

*O. L. Ballou* and *R. P. Barr,* for appellants.

*J. D. Ferrall, F. D. Merritt* and *J. W. Hanan,* for appellees.

JORDAN, C. J.—This action was instituted by Amanda and Joseph McConnell, as plaintiffs below, on March 27, 1899, against the defendants, Isaac and Catherine Horner, for the specific performance of a parol contract for the conveyance of certain real estate situated in LaGrange county, Indiana.  Plaintiffs secured a decree for a specific performance of the contract in question as prayed for, from which defendants appeal, and assign as errors the overruling of their separate demurrers to the first and second paragraphs of the amended complaint, and in sustaining the separate demurrers of plaintiffs to the answer.  The amended complaint is in two paragraphs, the first of which alleges and discloses the following facts:  Plaintiffs, appellees herein, are husband and wife, and the defendants are also husband and wife, and the father and mother of the plaintiff Amanda McConnell.  At and prior to the agreement hereinafter mentioned, defendant Isaac Horner was the owner of 400 acres of good and valuable land situated in said LaGrange county, of which the following tract was a

part: The north half of the east half of the northeast quarter of section thirteen, town thirty-six north, range eight east. In September, 1887, the defendants, Isaac and Catherine Horner, promised to and did give to their said daughter, Amanda McConnell, the tract of land above described, and agreed with her, to convey the same to her if she would move onto said tract from the place where she then resided, and would improve and make it her home, and in addition thereto they agreed to give her $400 to aid in building an addition to the dwelling-house situate on said land. Plaintiff Amanda accepted the proposition of the defendants so made to her, and in said month of September, 1887, she entered, pursuant to said agreement and contract, into, and took full possession of the real estate, and under said agreement she thenceforward continued and remained in possession thereof; that relying on said agreement, and in compliance therewith, she has improved said land by making thereon valuable and permanent improvements, to wit: She has erected an addition to the dwelling-house situate on said land at a cost and expense to her of $800; she has also built a barn on the land of the value of $400, and has erected other necessary buildings and out-houses thereon of the value of $300; she has caused wells to be dug and supplied them with pumps, and has had cleared five acres and over of said land at an expense to her of $100, and has fenced the entire tract so as to divide it into suitable and necessary fields; she has planted thereon a good orchard of apple, peach, and other fruit trees, and has planted many shade and ornamental trees thereon, all of which are growing. It is averred that the said improvements so made on the land are of the total value of $1,500, and it is further disclosed that she has performed on her part all of the terms and stipulations of the said contract and agreement. That during the time she was making said improvements she fully relied upon the said agreement into which she and the defendants

had entered and believed that the land was her own, and that the defendants would, as they agreed, execute to her a deed therefor. The defendants knew that she was improving the land as aforesaid shown, and encouraged her to make said improvements, and during all of the said time in which she was improving the said land they recognized it as belonging to her, and stated to her that they were ready and willing to make her a deed for the land as they had agreed. About six years prior to the commencement of this action, defendants did sign and acknowledge a deed conveying said land to the plaintiff, Amanda McConnell, but it is averred that the defendant, Catherine Horner, refused to permit this deed to be delivered until her codefendant, Isaac Horner, would execute to her, said Catherine, a deed for eighty acres of the land belonging to him, known as the "Home farm." That thereupon said Isaac did execute to said Catherine, a deed for said eighty-acre tract on the express agreement and understanding that she would join him in the execution and delivery of a deed to the plaintiff, Amanda McConnell, for the land herein described. But facts are alleged showing that after said Catherine had secured the deed to the eighty-acre tract she burned and destroyed the deed which she and her husband, Isaac, had previously signed, purporting to convey the land in question to the plaintiff Amanda. Plaintiff Amanda, before the bringing of this action, repeatedly requested the defendants to execute to her a deed for the land as they had agreed, all of which they refused to do. In the fall of 1898 it is alleged that the defendants wrongfully claimed that the land in controversy belonged to them, and demanded that plaintiff pay to them $150 as rent for the land for the year 1899, and then attempted and endeavored to rent the land to other persons, and wholly repudiated their said agreement and contract, and wholly refused to convey the land to plaintiff Amanda, though she had often requested and demanded of them a deed therefor.

The second paragraph of the complaint is similar to the first, except that it alleges that the contract and agreement by and between the plaintiff and defendants in respect to the land was entered into in 1889, and that plaintiff went into possession of the land thereunder. It is averred in this paragraph that the land was wild and unimproved and was situated adjoining to a forty-acre tract owned by plaintiffs, and on which they then resided. This paragraph alleges that plaintiff, in addition to the improvements made, also paid the taxes which accrued against the land. The prayer of the complaint is that it be decreed that plaintiff, Amanda McConnell, is the owner of the lands, and that the defendants be ordered to convey the same to her, and on their refusal so to do that a commissioner be appointed to execute a deed to her for the lands described in the complaint, and for all proper and equitable relief.

The complaint being silent as to whether the contract or agreement in question was in writing or by parol, therefore, under the rule affirmed by our decisions, the presumption must be that it was in parol. *Waymire* v. *Waymire,* 141 Ind. 164. Appellants contend that, inasmuch as this parol contract relates to the purchase of lands, it falls within the bar of the statute of frauds, and cannot be enforced. Consequently it is asserted that the demurrer to each paragraph of the complaint ought to have been sustained.

The question to be determined, then, is, are the facts set up in the complaint sufficient to take the contract out of the operation of the statute? The acts performed on the part of the appellee, Amanda McConnell, as shown under the averments of this pleading, constitute such a part performance as will suffice to withdraw the contract in question from the operation of the statute. As a rule of pleading it is asserted that where the complaint or bill to enforce a specific performance discloses an oral contract for the conveyance of land, and also states facts sufficiently showing a part performance, the pleading is good on demurrer; but

in such cases the acts relied upon to constitute such performance in order to take the case out of the statute must be distinctly and clearly averred. 20 Ency. of Pl. & Pr. 447.

To recapitulate briefly, it appears: That appellee, Amanda McConnell, is the daughter of appellant, Isaac Horner; that the latter gave the land in dispute to her in September, 1887, and, together with his co-appellee, agreed that he would convey the land to her if she would move onto the same from the place where she then resided, improve it, and make it her home; she accepted this offer or proposition, and under or pursuant thereto, in said month of September, entered into and took complete possession of the premises and has ever since, for a period of nearly twelve years, continued in the possession thereof. It is further shown that after she went into the possession of this real estate, on the faith of said agreement and in compliance therewith, she has made at her own expense permanent and valuable improvements thereon to the amount of $1,500, and has performed on her part all of the stipulations of the agreement or contract. It is also shown that appellants knew that she was improving the land and encouraged her to do so. It is thereby shown that appellee, as the donee by parol, became possessed of these premises under and pursuant to the agreement of her father, and relying thereon, made lasting and valuable improvements, and before the institution of this action she had fully performed her part of the contract, and had demanded of appellants a conveyance of the land in controversy, all of which they refused to do, and wholly repudiated or disavowed the agreement on their part. The complaint, under the facts, would certainly justify a court of equity in decreeing a specific performance of the contract. *Burns* v. *Fox,* 113 Ind. 205, and cases cited; *Drum* v. *Stevens,* 94 Ind. 181; *Cutsinger* v. *Ballard,* 115 Ind. 93; *Starkey* v. *Starkey,* 136 Ind. 349; *Lobdell* v. *Lobdell,* 36 N. Y. 327; *Freeman* v.

*Freeman,* 43 N. Y. 34, 3 Am. Rep. 657; *Fouts* v. *Roof,* 171 Ill. 568, 50 N. E. 653.

This latter case presents a statement of facts very similar to those involved in this appeal. The court in its opinion in that case said: "We have frequently held, that where a parent makes a parol promise to a child to convey a tract of land if the child will take possession of, reside upon and improve the same, and in reliance upon the promise the child takes possession and makes improvements of a permanent and valuable character, a court of equity will decree specific performance of the agreement. Such a promise rests on a valuable consideration, and performance on the part of the child takes the oral contract out of the operation of the statute of frauds." (Citing authorities.)

The statute of frauds can never be successfully invoked to perpetrate a fraud on another, and the reason why equity interposes and decrees a specific performance of a parol contract in such cases, where either a sale or gift of the land is shown, is to prevent a fraud from being perpetrated upon the parol purchaser or donee by the seller or donor, as the case may be, who induced such buyer or donee to expend his money and time on the faith of the agreement in improving the land, and then thereafter deprive him of the benefits of such improvements by availing himself thereof, as the result of avoiding the performance of the contract on his part by interposing the statute of frauds. Equity protects a parol gift of lands equally as it does a parol agreement or contract to sell, provided such agreement is accompanied by possession thereunder, and the further fact appearing that the donee, induced by the promise or agreement of the donor to give, has made valuable and lasting improvements on the premises. This proposition is fully affirmed and sustained by the authorities heretofore cited. Appellee in this case expended her money in making permanent improvements on this land, all of which appear to have been made with the knowledge of her father, the donor, induced

as she was by his promises to give and convey the land to her. This, in equity, constitutes a sufficient consideration for his promise or agreement. *Freeman* v. *Freeman,* 43 N. Y. 34, and cases cited; *Fouts* v. *Roof,* 171 Ill. 568.

It follows that each paragraph of the complaint is sufficient, and the demurrer thereto was properly overruled.

The answer setting up the six years' statute of limitations was insufficient. The only limitation applicable to cases of this character is that of fifteen years as provided by §295 Burns 1901, §294 Horner 1901. See *Martin* v. *Martin,* 118 Ind. 227.

The court did not err in sustaining the demurrer to the answer.

Judgment affirmed.