## WEYHMUELLER *v.* HANNEBOHM ET AL.

[No. 12,371. Filed January 13, 1927. Rehearing denied March 16, 1927. Transfer denied January 31, 1928.]

1. GIFTS.—A parol gift of land is invalid and ineffectual to pass title, even where accompanied by possession, unless adverse. p. 729.

2. FRAUDS, STATUTE OF.—*Parol gift of land to wife not validated by joint possession with husband.*—A wife occupying their home with her husband does not have adverse possession of the land so as to take her husband's parol gift to her out of the statute of frauds. p. 729

From Porter Superior Court; *Harry L. Crumpacker,* Judge.

Action by Martha Weyhmueller against Minna Hannebohm and another for partition of certain land. From a judgment for the named defendant, the plaintiff appeals. *Reversed.* By the court in banc.

*Fred Barnett,* for appellant.

*Otto J. Bruce* and *Foster Bruce,* for appellees.

NICHOLS, J.—Action by appellant against appellees for partition of certain real estate, and to quiet her title thereto.

The complaint is in two paragraphs. In the first paragraph, appellant avers that she is the owner in fee of the real estate involved, which was owned by appellant's father, who died testate on August 26, 1921, devising said real estate to appellant and her brother, Samuel Hannebohm, who has since said time conveyed his undivided interest therein to appellant; that appellee Hannebohm is the second and childless wife of appellant's father, and is the owner of a life estate in an undivided one-third thereof. This paragraph asks for partition of the real estate and an accounting for two-thirds of the rents, from September 1, 1921.

In the second paragraph, appellant asks that the title to said premises be quieted in her, excepting, however, a life estate in and to the undivided one-third thereof owned and held by appellee Hannebohm.

Appellee Herman Peters filed disclaimer and appellee Hannebohm answered in general denial. She is hereinafter mentioned as "appellee." The cause was submitted for trial to a jury, which returned a verdict for appellee, upon which verdict the court rendered judgment in favor of appellee. The error assigned is the overruling of appellant's motion for a new trial.

The undisputed facts show that appellant is the daughter, by the first marriage, of John S. Hannebohm, who died testate, devising the property in question to appellant and her brother Samuel. This brother has since quitclaimed his interest therein to appellant. In 1914, the decedent, then a widower, married appellee, who was a widow living in Chicago with some of her children by her former marriage. There were no chil-

dren born to Hannebohm and appellee. They did not live together all of the time during the first two years of their marriage, she living in Chicago, he living there with her part of the time, and, part of the time, he lived in the premises in question at Crown Point, where his granddaughter, a child of appellant, kept house for him. Nearly two years after their marriage, sometime in December, 1915, it appears that she came to Crown Point and lived with him. She testified she had a conversation with decedent and shortly thereafter came to Crown Point with him. It further appears that they had been to the office of George Matthews of Chicago, who drew up an instrument which purported to be a will, devising the real estate to appellee and, under which instrument, Matthews testified, she agreed to come to Crown Point. This will was revoked by the later one, and such provision therein was affirmatively nullified by a provision in the later will that appellee should not share in testator's property except to the extent of $5. This last will was duly probated and appellee declined to take the provisions therein made for her, and duly filed her election to take under the law. On April 14, 1919, Samuel Hannebohm obtained a divorce from appellee in the Lake Superior Court at Hammond, and it appears that sometime previous to the divorce, appellee had returned to Chicago and was living in her premises there. Shortly after the divorce, however, they were remarried and she came back to Crown Point, where they both lived in the property until his death in August, 1921. It appears that some improvements and repairs were made to the place, some of them at appellee's expense, the cost of which is not given, but as we view this case, we do not need to consider them.

If this appeal is sustained, it must be because it appears that there was a valid gift *inter vivos* of the land

here involved. It is the general rule that a parol

1. gift of land is invalid, and is ineffectual to pass
title to the donee. *Collins* v. *Johnson* (1876),
57 Ala. 304; *Prior* v. *Newsom* (1920), 144 Ark. 593, 223
S. W. 21; *Thompson* v. *Ray* (1893), 92 Ga. 285, 18 S.
E. 59; *Runnels* v. *Anderson* (1919), 186 Iowa 1370, 173
N. W. 91; *Snow* v. *Snow* (1906), 98 Minn. 348, 108 N.
W. 295; *Brown* v. *Watkins* (1897), 98 Tenn. 454, 40
S. W. 480; *Clarke* v. *McClure* (1853), 10 Grat. (51
Va.) 305. And this is true even where the gift is ac-
companied by possession, unless such possession is ad-
verse. *Gafford* v. *Strouss* (1889), 89 Ala. 283, 7 So.
248, 7 L. R. A. 568, 18 Am. St. 111; *Smith, Admr.,* v.
*Dorsey* (1872), 38 Ind. 451, 10 Am. Rep. 118; *Hayes*
v. *McKinney* (1920), 73 Ind. App. 105, 126 N. E. 497;
*Johns* v. *Johns* (1879), 67 Ind. 441; *Cooley* v. *Lobdell*
(1897), 153 N. Y. 596, 47 N. E. 783.

Appellee cites *Osterhaus* v. *Creviston* (1916), 62 Ind.
App. 382, 111 N. E. 634. That case says that: "It is
not denied * * * that a parol gift, or a ver-

2. bal contract for the sale of land, may be taken
out of the operation of the statute of frauds by
clear and definite proof of the contract of gift, followed
by full possession, use and control of the land." But
appellee did not have full possession, use and control of
the land here involved. Her possession before the al-
leged gift was along with her husband, the real estate
being occupied by them as their home, and such common
possession continued thereafter until the death of the
husband. It never was an adverse possession by ap-
pellee. See *Tyrrell* v. *York* (1890), 57 Hun. 292, 10 N.
Y. Supp. 611. Without this element, there could be no
valid gift *inter vivos* of the land. The undisputed evi-
dence was not sufficient to sustain the verdict. Judg-
ment reversed.