TEAL, ET AL. *v.* FIELDS

[No. 18,405. Filed May 14, 1953: Rehearing denied June 12, 1953. Transfer denied September 25, 1953.]

*John J. Dodd* and *Ralph E. Dennis,* of Muncie, and *Robert L. Smith,* of Portland, for appellant.

*Leonidas A. Guthrie,* of Muncie, for appellee.

ROYSE, C. J. Appellant Frank Teal brought this action against appellee for the recovery of possession of certain real estate pursuant to §3-1301, Burns' 1946 Replacement. Appellee filed an answer denying each rhetorical paragraph of the complaint. Under this an-

swer appellee could submit in evidence every defense he had, legal or equitable. §3-1308, Burns' 1946 Replacement. After trial had started appellant, Bessie Teal, was granted permission to intervene as party plaintiff. Trial to the court resulted in finding and judgment in favor of appellee. The error assigned here is the overruling of appellants' motion for a new trial. The specifications of that motion are that the decision is not sustained by sufficient evidence and is contrary to law.

The question presented requires a consideration of the evidence most favorable to appellee. The facts disclosed by the record may be summarized as follows:

Prior to the events which give rise to this litigation, one James A. Watson was the owner of the real estate involved herein. About Nov. 1, 1944, James Watson, who lived with his brother Luther Watson and wife, entered into an oral arrangement whereby Luther would sell this property to appellee for the sum of $500 pay-able $10 monthly. Appellee was the son of Luther's wife by a prior marriage. Pursuant to the arrangement Harold moved into the property about November 10th. James Watson sold the furniture he had in the house to appellee and his wife. Pursuant to this arrangement appellee paid Mrs. Luther Watson approximately $450.00 which she turned over to James A. Watson. It is disclosed by the record that sometime after this transaction James Watson was sent to the State Prison at Michigan City. While there he received ten payments of $10 and one for $7.35 from Mrs. Luther Watson on this property. Subsequently to his release he signed the following statement:

"March 22, 1948

"This is to certify that I James Arnold Watson have received $50.00 from Gladys Watson as payments on property at 2305 North Elm St. Muncie

Ind. which brings payments up to March 15th, 1947.

"Agreement is made to pay $10.00 each week until $120.00 is brought up to date. Then $10.00 each month until the sum of $100.00 is paid.

"Signed _____James Arnold Watson

"March Received $50.00      1948"

Subsequently said Watson signed a number of receipts of this tenor:

"RECEIVED OF Gladys Watson
Ten _____ Dollars
Payment on Property 2305 N. Elm St.
$10.00      March 15, 1947 to April 15, 1947
                                    James A. Watson"

In March, 1949, appellants purchased this property from James A. Watson for $200 and received his warranty deed therefor. At the time appellee was in possession of the real estate. Appellee made permanent improvements on this real estate. In a conversation between appellant Frank Teal and appellee shortly after appellee went into possession of this property appellee told appellant he was trying to buy the place. In that conversation he advised appellee about bracing one of the buildings on this property. Appellants lived in the neighborhood of this property for many years and knew appellee had been in possession for four or five years when they obtained their deed from Watson.

The court found appellee was in possession of the real estate at the time appellants purchased the property and for some time prior thereto; that the written memorandum signed by Watson was in full force and effect; that appellants failed to exercise diligence in informing themselves as to the rights of appellee in and to said property while in possession thereof.

Appellants contend the evidence proves they were the record owners of the fee simple title to the real estate at the time of and before the commencement of this action; that they duly served notice upon appellee to quit the possession thereof and that appellee refused to vacate said property; that appellee failed to prove by the evidence that there was a contract, either written or oral, whereby appellants' grantor agreed to sell the real estate to appellee and he agreed to purchase same; that Luther Watson had no authority to sell this real estate to appellee; that the receipt hereinbefore set out is not a written agreement or memorandum of an agreement for the purchase and sale of real estate.

We are of the opinion that in this case it is immaterial whether or not the receipts were sufficient to take the contract out of the statute of frauds. It is well settled that where, as in this case, a vendee takes possession under a parol contract for the conveyance of land, resting upon a valuable consideration, and has made permanent and valuable improvements, specific performance of the contract will be enforced. *McFarland* v. *Stansifer* (1905), 36 Ind. App. 486, 488, 76 N. E. 124; *O'Brien* v. *Knotte et al.* (1905), 165 Ind. 308, 75 N. E. 594; *Horner et al.* v. *McConnell et al.* (1902), 158 Ind. 280, 63 N. E. 472; *Swales* v. *Jackson et al.* (1890), 126 Ind. 282, 26 N. E. 62.

In this case it appears to us appellants had actual notice that appellee was in possession of this property and was claiming an equitable interest therein. It was incumbent upon them to prove their right to immediate possession. They wholly failed in this. Therefore, the judgment must be affirmed. *McClellan* v. *Beatty et al.* (1944), 115 Ind. App. 173, 53 N. E. 2d 1013, 55 N. E. 2d 327 (Transfer denied) ; *Mishawaka St. Joseph Loan & Trust Company et al.* v. *Neu, Guar-*

*dian et al.* (1936), 209 Ind. 433, 196 N. E. 85; *Webb et al.* v. *The John Hancock Mutual Life Insurance Company et al.* (1904), 162 Ind. 616, 634, 69 N. E. 1006.

NOTE.—Reported in 112 N. E. 2d 303.